[No. H008476. Sixth Dist. Feb. 7, 1992.]

MELCHOR INVESTMENT COMPANY, Plaintiff and Appellant, v.
ROLM SYSTEMS et al., Defendant and Respondents.

## Counsel

Jackson, Tufts, Cole & Black, Martin Schenker, Ellen McGinty King, Stephen F. Heller and Melissa A Finocchio for Plaintiff and Appellant.

Thelen, Marrin, Johnson & Bridges, Stephen V. O'Neal, Gregg N. Dulik and Daven G. Lowhurst for Defendants amd Respondents.

**OPINION**

ELIA, J.—

### 1. Introduction

Plaintiff Melchor Investment Company (lessor) purports to appeal from the denial of its request to preliminarily enjoin arbitration jointly requested by defendant Rolm Systems (sublessee) and defendant International Business Machines Corporation (sublessor). Lessor claims it is not required to submit to an arbitration demand by sublessee because the lease's arbitration provision is inapplicable and they have no other arbitration agreement. For the reasons stated below, we will dismiss this matter as nonappealable.

### 2. Facts

On April 14, 1976, lessor entered into two substantially identical written agreements (collectively the lease) to construct three buildings on two parcels in the City of Santa Clara and lease them to ROLM Corporation (lessee). Lessor promised in paragraph 2 to "design and construct or cause to be designed and constructed, in a good and workmanlike manner" the buildings. The initial term of the lease is 20 years from the earlier of lessee's occupancy or acceptance of the completed buildings. Rent is due monthly. Lessee began occupancy in early 1977.

In December 1987 lessor was informed that lessee would be merging at the end of the month into sublessor. The lease provides that lessee was entitled to assign its interest to any corporation with which it might merge so long as the assignee agreed to assume and perform all lessee's obligations under the lease. The lease also provides that its covenants bind and benefit "the parties hereto, their heirs, successors, executors, administrators and assigns." Upon the merger sublessor assumed lessee's obligations.

In early September 1989 lessor consented in writing to a proposal by sublessor to sublease the premises to sublessee, a Delaware partnership between wholly owned subsidiaries of Siemens Corporation of Germany. The lease (paragraph 13) provides that lessee must obtain lessor's consent to any assignment, which consent will not be unreasonably withheld. The proposal stated: "[Sublessee] ROLM Systems agrees to be bound by all the covenants of the current Lease and [sublessor] IBM agrees to remain liable for all of its obligations under the Lease."

The sublease was entered later in September 1989. Its term is five years. Sublessee is entitled to terminate it upon 60 days' written notice. The lease

terms are incorporated by reference to the extent consistent with the sublease with the terms "lessor" and "lessee" referring to sublessor and sublessee, respectively. Sublessee agreed to assume all of sublessor's obligations under the lease, except the "obligation to pay rent" and other costs. Sublessee is to pay sublessor rent in the amount due under the lease. Sublessor agrees to perform all terms, covenants, and conditions of the lease that are personal and can only be performed by sublessor. The sublease does not expressly provide for arbitration. For remedies, it provides that sublessor is not responsible if lessor defaults so long as sublessor, at sublessee's request, demands and pursues lessor's performance. The cost of such pursuit is allocated by a document not in the record.

Sublessee has paid rent directly to lessor for a year.

In November 1990, sublessee as "successor in interest to [lessee] ROLM Corporation" demanded arbitration with lessor about lessor's breach of lease. There is a roof problem. The lease (paragraph 32) provides: "All disputes, claims or controversies arising out of or under this Lease, or the breach thereof, shall be settled by arbitration and shall be submitted to arbitration in San Francisco, California, for determination by three (3) arbitrators in accordance with the procedure then obtaining of the Commercial Arbitration Rules of the American Arbitration Association, except that the Construction Industry Arbitration Rules shall apply to disputes concerning matters under Paragraph 2 hereof. The decision and award made in any such arbitration proceedings shall be final, binding, and conclusive upon all parties, and judgment upon any award rendered thereon may be entered upon application of either Lessor or Lessee in any court, state or federal, having jurisdiction."

Lessor resisted arbitration on the grounds it had no lease agreement with sublessee and sublessee was not a successor in interest to lessee. In December 1990 sublessor joined sublessee's demand for arbitration. On February 19, 1991, the American Arbitration Association scheduled a preliminary hearing for April 20, 1991.

On March 26, 1991, lessor filed this action, seeking an injunction barring arbitration and a declaration that it is not required to arbitrate with sublessee.

At a hearing on April 18, 1991, the court denied lessor's request for a preliminary injunction. The arbitration hearing was scheduled to begin on July 22, 1991. Lessor filed a notice of appeal on May 21, 1991. On June 19, 1991, this court summarily denied lessor's alternative requests for a stay of arbitration pending appeal or a writ commanding the trial court to grant a preliminary injunction. (No. H008516.)

### 3. Is the order appealable?

█ Defendants contend the order denying lessor's request to preliminarily enjoin arbitration is tantamount to a nonappealable order compelling arbitration.

In general, orders refusing to grant preliminary injunctions are appealable pursuant to Code of Civil Procedure section 904.1, subdivision (f).[1] As lessor points out, orders refusing preliminarily to enjoin arbitration have been held appealable. (*American Builder's Assn.* v. *Au-Yang* (1990) 226 Cal.App.3d 170, 173, fn. 1 [276 Cal.Rptr. 262]; see *Lesser Towers, Inc.* v. *Roscoe-Ajax Constr. Co.* (1969) 271 Cal.App.2d 675, 692-693 [77 Cal.Rptr. 100].) However, these decisions did not consider the interplay of the general statute governing appealability, section 904.1, with the special statute governing appealable orders in contractual arbitration proceedings, section 1294.[2] █ As this court noted in *Palmer* v. *Ted Stevens Honda, Inc.* (1987) 193 Cal.App.3d 530 [238 Cal.Rptr. 363], "Opinions are not authority for issues they do not consider. [Citations.]" (*Id.* at p. 539.)

█ Lessor's reply brief appropriately notes *International Film Investors* v. *Arbitration Tribunal of Directors Guild* (1984) 152 Cal.App.3d 699 [199 Cal.Rptr. 690]. That decision observed section 1294 makes appealable orders denying petitions to compel arbitration without mentioning orders compelling arbitration. Consequently orders compelling arbitration have been determined to be nonappealable. (*Id.* at p. 703; *State Farm Fire & Casualty* v. *Hardin* (1989) 211 Cal.App.3d 501, 506 [259 Cal.Rptr. 433], and cases there cited.) At issue in *International Film Investors* was the appealability of an order denying a writ of prohibition to prevent arbitration. The court observed that judgments granting or denying petitions for extraordinary writs or injunctions are ordinarily appealable. (152 Cal.App.3d at p. 703.) The court concluded the proceeding before it was not a proper request for prohibition because prohibition restrains judicial, not arbitral, actions. (*Id.* at p. 704.) The court reasoned: "We thus consider the effect of treating the petition as one for injunction, a remedy which has been approved to prevent threatened arbitration where grounds existed which would defeat a petition to compel arbitration. [Fn. omitted.] [Citations.] [¶] Permitting an appeal from a judgment *granting* a petition for an injunction under such circumstances would of course be consistent with the spirit and purpose of . . . section 1294.

---

[1]Unspecified section references are to the Code of Civil Procedure.

[2]Section 1294 provides: "An aggrieved party may appeal from: [¶] (a) An order dismissing or denying a petition to compel arbitration. [¶] (b) An order dismissing a petition to confirm, correct or vacate an award. [¶] (c) An order vacating an award unless a rehearing in arbitration is ordered. [¶] (d) A judgment entered pursuant to this title. [¶] (e) A special order after final judgment."

Conversely, a judgment denying such petition is the practical equivalent of an order to compel arbitration and an appeal from the latter does violence to the spirit and purpose of . . . section 1294." (*Ibid.*, italics in original.) The court concluded the judgment before it was nonappealable, reasoning further that an order compelling arbitration does not affect a party's substantive rights since an arbitral award is ultimately reviewable by appeal. (*Id.* at pp. 705-706.)

We agree an order refusing to enjoin arbitration is tantamount to an order compelling arbitration. Treating the former as appealable would exalt form over substance (Civ. Code, § 3528) and would encourage an unseemly race to the courthouse between arbitration proponents and opponents. Lessor orally argued that no such courthouse race is threatened when the arbitration provision is "self-executing." Lessor's premise is that a court order compelling arbitration is unnecessary, if not unavailable, for self-executing arbitration provisions. Lessor's resistance to what it calls a self-executing arbitration provision undermines this premise. A court order either compelling arbitration or refusing to enjoin arbitration was apparently necessary to bring lessor to the arbitration table. Neither order is appealable.

*4. Is arbitration appropriate?*

International Film Investors* recognizes that a writ of prohibition is an appropriate remedy if arbitration is unjustifiably ordered. (152 Cal.App.3d at p. 704, and cases there cited.) We briefly consider the underlying merits of lessor's position in order to foreclose further requests for extraordinary relief.

Section 1281.2 requires a court to order arbitration pursuant to contract "if it determines that an agreement to arbitrate the controversy exists . . . ." "[T]he existence of an agreement to arbitrate the controversy is . . . a preliminary question to be determined by the court before an order compelling arbitration can be made." (*Pagett* v. *Hawaiian Ins. Co.* (1975) 45 Cal.App.3d 620, 622 [119 Cal.Rptr. 536].) In determining whether an arbitration agreement exists the court may also need to determine who are the parties to it. (*American Builder's Assn.* v. *Au-Yang, supra,* 226 Cal.App.3d 170, 178-179.)

Lessor concedes that sublessor can compel it to arbitrate pursuant to the lease. The parties here argue about whether sublessee expressly agreed to be bound by the arbitration provision in the lease, in other words, whether there is contractual privity between lessor and sublessee. *Kelly* v. *Tri-Cities Broadcasting, Inc.* (1983) 147 Cal.App.3d 666 [195 Cal.Rptr. 303], cited by

neither side, demonstrates the irrelevance of this concern. Privity of estate, not privity of contract, is dispositive here. *Kelly* faced the question whether a lease assignee was bound by the realty lease's arbitration provision. (147 Cal.App.3d 666.) The court explained that a lessor-lessee relationship involves both privity of contract and privity of estate. (*Id.* at p. 676.) An occupant of leased property who does not expressly assume the lessee's contractual obligations is nevertheless bound by covenants running with the land under privity of estate. (*Id.* at pp. 676-678.) "California law is clear: An assignee, in the absence of an express assumption, is liable only for covenants which run with the land and only during the period of his occupancy." (*Id.* at p. 678.) *Kelly* concluded that a covenant to arbitrate, like a covenant to pay rent, touches and concerns and therefore runs with the land. (*Id.* at p. 679.) In that case the lease assignee was not bound to arbitrate a claim for rent falling due after it abandoned occupancy. (*Ibid.*) In this case since sublessee remains an occupant of the property, sublessee and lessor are bound to arbitrate by privity of estate even if sublessee did not expressly assume this obligation of sublessor.

## 5. Disposition

The purported appeal is dismissed.

Agliano, P. J., and Bamattre-Manoukian, J., concurred.