SOUTHEAST RESOURCE RECOVERY
FACILITY AUTHORITY; City of
Long Beach, Plaintiffs,

v.

MONTENAY INTERNATIONAL CORPO-
RATION; Montenay Pacific Power
Corporation, Third-party-defendants-
Appellants,

v.

DRAVO CORPORATION, Defendant-
third-party-plaintiff-Appellee.

No. 91–56241.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 10, 1992.

Decided Aug. 18, 1992.

Douglas W. Beck, Tuttle & Taylor, Los Angeles, Cal., for third-party defendants-appellants.

Patrick M. Kelly and Robert M. Young, Jr., Wilson, Elser, Moskowitz, Edelman & Dicker, Los Angeles, Cal., for plaintiff-appellee.

Before: CANBY, REINHARDT, and WIGGINS, Circuit Judges.

WIGGINS, Circuit Judge:

OVERVIEW

Montenay International Corp. (MIC) and its subsidiary Montenay Pacific Power Corp. (MPPC) appeal a district court order staying arbitration between MPPC and Dravo Corp. MIC and MPPC argue that

Dravo was bound by an earlier state court decision refusing to stay arbitration and that the federal district court erroneously interpreted California law. The district court had diversity jurisdiction under 28 U.S.C. § 1332 (1988). MIC and MPPC filed a timely notice of appeal on September 18, 1991, and this court has jurisdiction pursuant to 9 U.S.C. § 16(a)(2) (appeal may be taken from an order enjoining arbitration). We reverse.

## BACKGROUND

On November 1, 1988, MIC entered into an agreement with Dravo to purchase parts of Dravo's waste-to-energy business. Dravo assigned MIC its rights under an executory contract for operation of a waste-to-energy facility that Dravo was building. MIC then assigned the rights under the operation contract to MPPC. Subsequent to this agreement, Dravo experienced difficulty obtaining acceptance of the facility and was forced to alter other agreements concerning the operation of the facility. Dravo and MPPC entered into the Amended and Restated Master Subcontract Agreement under which MPPC operated the facility pursuant to an interim operations contract until Dravo could obtain acceptance of the facility. This amended master subcontract contained an arbitration agreement governed by Pennsylvania law with California as the forum state for any arbitration.

Dravo never did obtain acceptance of the facility, and litigation ensued. MPPC initiated an arbitration against Dravo pursuant to the arbitration agreement. Dravo participated in the arbitration proceedings at first, but then brought an action in Los Angeles County Superior Court to enjoin the arbitration proceedings.

Although Pennsylvania law encourages arbitration and requires that courts enforce arbitration agreements even if the result is piecemeal litigation, California law recognizes a narrow exception to the general policy in favor of arbitration. Under Cal. Civ.Proc.Code § 1281.2(c) (West 1982), California law allows a court to stay arbitration if a party to the arbitration agreement is involved in related litigation with a third party. Therefore, Dravo argued that section 1281.2(c) applied to the arbitration as the procedural law of the forum state and that the arbitration should be enjoined under section 1281.2(c).

The state court rejected Dravo's arguments and ruled that section 1281.2(c) did not apply because the arbitration agreement is governed by Pennsylvania law. Dravo then filed third-party complaints against MIC and MPPC in the federal district court where the litigation surrounding Dravo's waste-to-energy facility had been consolidated. Dravo immediately brought a motion to stay the arbitration and made the same arguments in the district court concerning the applicability of section 1281.2(c) that had been rejected by the state court. The federal district court, however, held that section 1281.2(c) did apply as a procedural rule of the forum state of the arbitration. MIC and MPPC appeal the district court's decision.

## DISCUSSION

There are two primary issues raised in this appeal. First, we must determine whether the state court order was an order compelling arbitration that must be given full faith and credit in federal court. Second, we are asked to decide whether Cal. Civ.Proc.Code § 1281.2(c) is applicable to the arbitration in this case. Because the issues in this case turn on questions of state and federal law rather than questions of fact, they are reviewed de novo. *United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir.) (en banc) (questions of law reviewed de novo), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984); *In re McLinn*, 739 F.2d 1395, 1397 (9th Cir.1984) (en banc) ("questions of state law are reviewable under the same independent de novo standard as are questions of federal law").

### I. Full Faith and Credit

■ The first issue turns on principles of collateral estoppel and res judicata. Federal courts are compelled by the "full faith and credit" statute to give collateral estoppel and res judicata effects to the judgments of state courts. 28 U.S.C. § 1738

(1988); *Allen v. McCurry,* 449 U.S. 90, 95–96, 101 S.Ct. 411, 415–16, 66 L.Ed.2d 308 (1980); *Granite Constr. Co. v. Allis–Chalmers Corp.,* 648 F.Supp. 519, 521 (D.Nev. 1986). As the district court itself recognized, "a state order compelling arbitration is given preclusive effect in federal court...." This result is mandated because (A) an order compelling arbitration is given preclusive effect under California law and (B) federal courts must give the same full faith and credit to a state court order as state courts would give the order.

## A. The California Law on Orders Compelling Arbitration

■ Under California law, an order compelling arbitration is the final order in a special proceeding. Once the order is made, the special proceeding is complete and the arbitration must proceed. The order cannot be appealed or reviewed until after the arbitration is completed, and the trial court will not revisit the issue. *See Atlas Plastering, Inc. v. Superior Court, Alameda County,* 72 Cal.App.3d 63, 67, 140 Cal.Rptr. 59 (1977); *Maddy v. Castle,* 58 Cal.App.3d 716, 719, 130 Cal.Rptr. 160 (1976); *Jardine, Matheson & Co. v. Pacific Orient Co.,* 100 Cal.App. 572, 280 P. 697, 698 (1929). Thus, an order compelling arbitration is "sufficiently firm to be accorded conclusive effect" and is entitled to full faith and credit. *Sandoval v. Superior Court,* 140 Cal.App.3d 932, 936, 190 Cal. Rptr. 29 (1983); *see Lounge–A–Round v. GCM Mills, Inc.,* 109 Cal.App.3d 190, 198, 166 Cal.Rptr. 920 (1980) (holding that the dismissal of a petition to compel arbitration is sufficiently final for purposes of res judicata because the dismissal was "final as to a particular issue").

Because a California court order compelling arbitration is given preclusive effect in federal court, the key to this case is whether the state court order is an order compelling arbitration. If the state court judgment was indeed an order compelling arbitration under California law, the federal district court erred by effectively overruling the state court and staying the arbitration.

■ Dravo argues that its state court action to enjoin the arbitration proceedings was simply a preliminary injunction action. Under this theory, Dravo asserts that the state court decision is entitled to no more preclusive effect than any ordinary denial of a preliminary injunction. Indeed, the cases cited by Dravo for the proposition that the state court order is not entitled to preclusive effect involve preliminary or pre-trial motions. However, Dravo is unable to provide any authority for the proposition that a refusal to enjoin arbitration is treated as an ordinary denial of a preliminary motion instead of an order compelling arbitration. We believe the better view is that a denial of an injunction against arbitration is an order compelling arbitration.

■ Under California law, the state court decision against Dravo is treated as an order compelling arbitration. The California courts have consistently held that an action for an injunction against arbitration is simply a defense to a petition to compel arbitration. *California State Council of Carpenters v. Superior Court,* 11 Cal. App.3d 144, 155–56, 89 Cal.Rptr. 625 (1970). It makes no difference who took the first step into court; the action is always treated as if the court were ruling on a petition to compel arbitration. *Id.; Melchor Inv. Co. v. Rolm Sys.,* 3 Cal.App.4th 587, 591–92, 4 Cal.Rptr.2d 343 (1992) (order denying a preliminary injunction against arbitration is tantamount to an order compelling arbitration); *International Film Investors v. Arbitration Tribunal of the Directors Guild of Am.,* 152 Cal.App.3d 699, 704, 199 Cal.Rptr. 690 (1984) (a judgment denying an injunction against arbitration "is the practical equivalent of an order to compel arbitration"). Thus, the denial of an injunction against the arbitration process is an order to compel arbitration.

Our analysis is supported by the decision of the Third Circuit in *Towers, Perrin, Forster & Crosby, Inc. v. Brown,* 732 F.2d 345 (3d Cir.1984). In *Towers,* the Third Circuit determined that a California state court decision allowing or denying arbitration is a final order for purposes of res judicata: "What little case law there is on point indicates that the decision that a dispute is or is not arbitrable is conclusive of that issue." *Id.* at 348. The court went on

to note that, "[i]n California, the preclusive effect of an order depends on what the order determines, not on whether it is deemed interlocutory." *Id.* at 349.

Moreover, the best example of California law on this issue is provided by the holdings of the California courts in this very case. Dravo brought an action for injunctive relief and argued that the state court should stay arbitration under Cal.Civ.Proc. Code § 1281.2(c). After the state trial court considered and rejected Dravo's arguments that section 1281.2(c) applied, denied Dravo injunctive relief, and compelled arbitration in this case, Dravo appealed the trial court's decision to the California Court of Appeal. The Court of Appeal ruled as a procedural matter that the state trial court's denial of an injunction was an order compelling arbitration that cannot be appealed until the arbitration has been completed. The California Court of Appeal therefore dismissed Dravo's appeal. Even the district court noted that the California Court of Appeal treated the state trial court's decision "as an order compelling arbitration." Thus, we find that the state trial court order was an order compelling arbitration under California law and that such an order is given preclusive effect under California law.

### B. Values Underlying the Full Faith and Credit Statute

■ Because the state trial court decision is entitled to preclusive effect under California law, the parties cannot relitigate the same issues in federal court. State "judicial proceedings ... shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken." 28 U.S.C. § 1738. Our decision is mandated by the fundamental purposes of the full faith and credit statute, the promotion of comity and the conservation of judicial resources. *See Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 84, 104 S.Ct. 892, 897, 79 L.Ed.2d 56 (1984); *Allen v. McCurry*, 449 U.S. at 95–96, 101 S.Ct. at 415–16.

■ The comity concerns present in this case are obvious. There are no issues of federal law involved in the district court's

decision to stay the arbitration and overrule the state court order. The district court's decision to stay the arbitration rests entirely on California law. Although the state trial court had already considered and rejected Dravo's arguments that Cal.Civ. Proc.Code § 1281.2(c) applied in this case, the district court stayed the arbitration proceedings on the basis that section 1281.2(c) did apply. A federal court cannot reexamine arguments that already have been considered and rejected by a state court because such review of a state court decision creates needless friction between the state and federal forums. *See Worldwide Church of God v. McNair*, 805 F.2d 888, 890–92 (9th Cir.1986). The district court also wasted judicial resources by reexamining the state court order. *Id.* at 891; *see* Rex E. Lee & Richard G. Wilkins, *An Analysis of Supplemental Jurisdiction and Abstention with Recommendation for Legislative Action*, 1990 B.Y.U.Law Rev. 321, 372 ("the demands of convenience and judicial economy become more compelling when a federal court confronts state, not federal, issues").

In summary, we find that MPPC's position is the better interpretation of California law. The state court decision denying Dravo an injunction was an order compelling arbitration that must be given preclusive effect in federal court. The state court rejected Dravo's arguments that the arbitration should be enjoined under Cal. Civ.Proc.Code § 1281.2(c), and the federal district court must abide by that judgment. The district court cannot refuse to give the state court judgment full faith and credit because it disagrees with the state court's interpretation of section 1281.2(c). Therefore, we reverse the decision of the district court.

### II. The Applicability of Section 1281.2(c)

As noted above, the decision of both the state trial court and the federal district court turned on whether section 1281.2(c) is applicable to the arbitration agreement between MPPC and Dravo. The key to this issue is whether enforcement of an arbitration provision is governed by the law of the state selected in the contract's choice of law provision or by the law of the state

selected in the contract's choice of forum provision. Neither party is able to provide authority that directly resolves this issue.

We need not address the parties' arguments or resolve this issue of California law. The state trial court has already considered the applicability of section 1281.2(c) and its decision is entitled to preclusive effect under the full faith and credit statute as discussed above.

## CONCLUSION

Under the full faith and credit statute, 28 U.S.C. § 1738, a California state court order compelling arbitration is entitled to preclusive effect in federal court. Because the state court order in this case was an order compelling arbitration under California law, the parties are bound by this decision and cannot seek a different outcome in federal court. We therefore REVERSE the decision of the district court.