Opinion
KENNARD, J.
The Medical Board of California (MBC), a state administrative agency, has authority to discipline a physician for unprofessional conduct by restricting, suspending, or revoking the physician’s license to practice medicine. (Bus. & Prof. Code, § 2227.) A physician whom the MBC has disciplined in this way may obtain judicial review of the MBC’s order by commencing an administrative mandate proceeding. (Code Civ. Proc., § 1094.5.) The superior court has original jurisdiction of these administrative mandate proceedings. (Cal. Const., art. VI, § 10.) For this limited category of actions, the Legislature has provided that the Court of Appeal shall review *664 the superior court’s decision, not by direct appeal, but “pursuant to a petition for an extraordinary writ.” (Bus. & Prof. Code, § 2337; hereafter section 2337.)
We granted review in this case to decide whether section 2337—making a writ petition the method for obtaining appellate review of superior court decisions in these physician licensing matters—violates the clause of the California Constitution stating that, except when a judgment of death has been pronounced, “courts of appeal have appellate jurisdiction when superior courts have original jurisdiction . . . .” (Cal. Const., art. VI, § 11.) Consistent with our resolution of a similar question in Powers v. City of Richmond (1995) 10 Cal.4th 85 [40 Cal.Rptr.2d 839, 893 P.2d 1160] (hereafter Powers), we hold that section 2337 does not violate this appellate jurisdiction clause of the California Constitution.
I
The MBC’s Division of Medical Quality separately charged Dr. Nelson F. Leone, a psychiatrist, and Dr. Shashi D. Ganti, an ophthalmologist, with professional misconduct. For each physician, a hearing before an administrative law judge resulted in a recommendation of license revocation. The MBC adopted each of these recommendations and ordered the physicians’ licenses revoked. Each physician sought and obtained judicial review of the MBC’s adverse decision by petitioning the superior cburt for a writ of administrative mandate. In each of these judicial proceedings, the superior court upheld the license revocation.
Notwithstanding section 2337, which makes an extraordinary writ petition the exclusive method for obtaining appellate review of a superior court decision in a physician license revocation matter, Drs. Leone and Ganti each filed a notice of appeal. Relying on section 2337, the MBC moved in the Court of Appeal to dismiss both appeals. For the purpose of ruling on these motions, the Court of Appeal consolidated the two appeals. It then heard oral argument and issued a single opinion in which it denied the MBC’s motions to dismiss. The Court of Appeal construed the appellate jurisdiction clause of the California Constitution as granting litigants a constitutional right of appeal, and it held section 2337 unconstitutional because, as the Court of Appeal put it, “the Legislature does not have the power to destroy the right of an appeal that is constitutionally granted.”
This court granted the MBC’s petition for review, which framed the issues this way:
“1. Does the Legislature have the authority to specify the mode of appellate review of physician discipline without infringing on the ‘appellate *665 jurisdiction’ of the appellate court under article VI, section 11 of the California Constitution?
“2. Is Business and Professions Code section 2337 constitutional under California’s Constitution, article VI, section 11, to the extent that it specifies the mode of appellate review of a superior court’s decision regarding physician discipline and permits appellate review solely by extraordinary writ?”
II
Plaintiff doctors contend that the California Constitution’s appellate jurisdiction clause grants them a right of direct appeal from final judgments in administrative mandate proceedings in which superior courts exercise original jurisdiction. In their view, this constitutional right of appeal necessarily includes the rights to oral argument, a decision on the merits, and a written opinion explaining the basis of the appellate court’s decision. Plaintiffs contend that section 2337 violates this constitutional right of appeal because it precludes them from appealing the superior courts’ judgments in their administrative mandate actions and because it relegates them to seeking review by an extraordinary writ petition, which a Court of Appeal may deny summarily, without hearing oral argument or issuing a written opinion.
A majority of this court rejected the core of plaintiffs’ argument in Powers, supra, 10 Cal.4th 85, concluding instead that the appellate jurisdiction vested in the Courts of Appeal by article VI, section 11, of the California Constitution encompasses review by extraordinary writ as well as review by direct appeal. (Powers, supra, at pp. 92-93 (plur. opn. of Kennard, J.); id. at p. 122 (conc. opn. of George, J.).) The Court of Appeal in this case failed to recognize that the plurality and concurring opinions in Powers agreed on this crucial point. Although Powers provides controlling authority that makes further analysis unnecessary, we summarize the reasoning of the Powers plurality that supports this conclusion.
When construing a constitution, courts view as the paramount consideration the intent of those who enacted the provision at issue. (Davis v. City of Berkeley (1990) 51 Cal.3d 227, 234 [272 Cal.Rptr. 139, 794 P.2d 897].) To determine that intent, courts look first to the language of the constitutional text, giving the words their ordinary meaning. (Ibid.; see also Bowens v. Superior Court (1991) 1 Cal.4th 36, 48 [2 Cal.Rptr.2d 376, 820 P.2d 600]; Lungren v. Deukmejian (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].)
*666 The constitutional text at issue here is this:
“The Supreme Court has appellate jurisdiction when judgment of death has been pronounced. With that exception courts of appeal have appellate jurisdiction when superior courts have original jurisdiction . . . .” (Cal. Const., art. VI, § 11.)
Nothing in this language conveys an intention to grant litigants a right of direct appeal from judgments in proceedings within the superior courts’ original jurisdiction. “Giving the words their ordinary meaning, the provision serves to establish and allocate judicial authority, not to define or guarantee the rights of litigants. Indeed, the provision nowhere mentions direct appeals or a ‘right of appeal.’ ” (Powers, supra, 10 Cal.4th 85, 91 (plur. opn. of Kennard, J.).)
In particular, the reference to “appellate jurisdiction” does not imply a right of litigants to bring direct appeals. A legal dictionary defines “appellate” as “[p]ertaining to or having cognizance of appeals and other proceedings for the judicial review of adjudications.” (Black's Law Dict. (6th ed. 1990) p. 97, col. 2, italics added.) The same dictionary defines “appellate jurisdiction” as “[t]he power vested in an appellate court to review and revise the judicial action of an inferior court” and as “the power of review and determination on appeal, writ of error, certiorari, or other similar process.” (Id. at p. 98, col. 1, italics added.)
The United States Supreme Court has declared that the “essential criterion of appellate jurisdiction” is “that it revises and corrects the proceedings in a cause already instituted, and does not create that cause.” (Marbury v. Madison (1803) 5 U.S. (1 Cranch) 137, 175 [2 L.Ed. 60, 73].) Applying this . definition, the high court has concluded that a court exercises appellate jurisdiction when it reviews a lower court’s decision in ruling on a petition for a writ of habeas corpus. (Ex parte Watkins (1833) 32 U.S. (7 Pet.) 568, 572 [8 L.Ed. 786, 788].) Courts in other states have defined “appellate jurisdiction” similarly. (See Powers, supra, 10 Cal.4th 85, 92-93 (plur. opn. of Kennard, J.), and cases cited therein.)
Thus, the ordinary and widely accepted meaning of the term “appellate jurisdiction” is simply the power of a reviewing court to correct error in a trial court proceeding. By common understanding, a reviewing court may exercise this power in the procedural context of a direct appeal or a writ petition.
A review of the process that resulted in adoption of the California Constitution’s appellate jurisdiction clause reinforces this construction. The *667 voters enacted the appellate jurisdiction clause in substantially its present form at the November 8, 1966, General Election, when the previous article VI of the California Constitution was repealed and its provisions revised and redistributed. This comprehensive revision of the provisions concerning the judicial branch of state government was largely drafted by the California Constitutional Revision Commission, and a court may consult the commission’s official reports to determine the intent and objective of ambiguous provisions. (Mosk v. Superior Court (1979) 25 Cal.3d 474, 495 [159 Cal.Rptr. 494, 601 P.2d 1030].) The records of the commission’s official proceedings reveal that its main objective in revising article VI was “to delete provisions which were redundant, obsolete, or unnecessary for inclusion in the Constitution, such as procedural matters which could be prescribed or provided for by statute or court rule.” (Mosk v. Superior Court, supra, at p. 496.) By removing unnecessary provisions from article VI, and allowing many of those matters to be regulated by statute, the commission’s revisions of article VI effectively broadened the scope of the Legislature’s control over judicial procedures.
In its report recommending adoption of section 11 of article VI of the California Constitution, the commission gave this explanation: “This section collects those parts of existing Sections 4, 4b, 4e, and 5 that deal with appellate jurisdiction. Some of the existing sections contain detailed references to instances of appellate jurisdiction. The Commission deleted those references as unnecessary in the Constitution except in death penalty cases where, because of the extreme nature of the penalty, jurisdiction was given to the Supreme Court, [¶] The phrase ‘on questions of law alone,’ as a description of appellate jurisdiction in criminal causes when judgment of death has been rendered was deleted as unnecessary since this is the ordinary scope of review in appellate courts.” (Cal. Const. Revision Com., Proposed Revision (1966) p. 91.)
In the records of the commission’s proceedings and reports bearing on the appellate jurisdiction provision, we find not a single reference to a litigant’s right of appeal, nor anything suggesting that the commission intended that the appellate jurisdiction clause would confer on litigants a right to a direct appeal. Nor does the ballot pamphlet for the November 1966 election mention a right of appeal under the state Constitution.
In its decision, the Court of Appeal here relied on statements in certain early court decisions referring to a right of appeal under the state Constitution. (See Byers v. Smith (1935) 4 Cal.2d 209, 213-214 [47 P.2d 705]; In re Sutter-Butte By-Pass Assessment (1923) 190 Cal. 532, 536 [213 P. 974]; People v. Perry (1889) 79 Cal. 105, 107 [21 P. 423].) For several *668 reasons, this reliance was misplaced. None of these decisions construed the current appellate jurisdiction clause, enacted in November 1966, and none addressed the constitutional validity of a legislative scheme making a writ petition the exclusive mode of appellate review of a superior court proceeding. The courts authoring these decisions appear to have used the term “appeal” to encompass a right to appellate review generally, without distinguishing between review by writ petition and review by direct appeal. Finally, many contemporaneous and later decisions of this coürt and the Courts of Appeal stated that the right of appeal is entirely statutory and that there is no constitutional right of appeal. (See Powers, supra, 10 Cal.4th 85, 105-108 (plur. opn. of Kennard, J.), and cases cited therein.)
Because a reviewing court may exercise appellate jurisdiction-—that is, the power to review and correct error in trial court orders and judgments—either by a direct appeal or by an extraordinary writ proceeding, the clause of the state Constitution conferring appellate jurisdiction on the Courts of Appeal “does not necessarily or strongly imply a right of litigants to bring direct appeals” from judgments in civil proceedings within the superior court’s original jurisdiction. (Powers, supra, 10 Cal.4th 85, 93, 105-108 (plur. opn. of Kennard, J.).) Rather, that constitutional provision is, properly construed as generally permitting the Legislature to enact laws, such as section 2337, specifying that an extraordinary writ petition shall be the method for obtaining appellate review of a superior court judgment in an administrative mandate proceeding.
The Legislature’s authority to specify the mode of appellate review of superior court judgments is subject to an important qualification. Because the appellate jurisdiction clause is a grant of judicial authority, the Legislature may not restrict appellate review in a manner that would “ ‘substantially impair the constitutional powers of the courts, or practically defeat their exercise.’ ” (In re Jessup (1889) 81 Cal. 408, 470, italics omitted, quoting Ex Parte Harker (1875) 49 Cal. 465, 467.) “If it could be demonstrated in a given case, or class of cases, that, for whatever reason, the Courts of Appeal or this court could not effectively exercise the constitutionally granted power of appellate review by an extraordinary writ proceeding, then such a proceeding could not constitutionally be made the exclusive mode of appellate review.” (Powers, supra, 10 Cal.4th 85, 110 (plur. opn. of Kennard, J.).)
Relying on this qualification, plaintiff doctors argue that section 2337 substantially impairs the exercise of appellate jurisdiction because the percentage of extraordinary writ petitions that the Courts of Appeal summarily deny is greater than the percentage of direct appeals in which the Courts of Appeal affirm the superior court’s judgment. We find the argument entirely unpersuasive.
*669 Plaintiffs cite no relevant statistics demonstrating that, when a writ petition is the exclusive method of appellate review of a final judgment, the Courts of Appeal summarily deny writ petitions with greater frequency than they affirm judgments on direct appeal in comparable proceedings. This lack of relevant supporting data is by itself sufficient reason to reject this argument. In addition, the argument lacks any coherent logic. We perceive no reason to infer from the frequency of summary denials that extraordinary writ review is not a sufficient or effective appellate remedy in physician discipline proceedings. Section 2337 does not limit the kinds of superior court error that the Court of Appeal may correct, the record that the Court of Appeal may consider, or the time the Court of Appeal may devote to appellate review. Nor does it prevent the Court of Appeal, when a petition appears to have merit, from hearing oral argument or issuing a written opinion. Thus, nothing in section 2337 substantially impairs a Court of Appeal’s ability to effectively exercise its power to review and correct error in superior court administrative mandate decisions in physician discipline matters.
Finally, Dr. Leone argues that even if section 2337 does not on its face violate the appellate jurisdiction clause of the California Constitution, Courts of Appeal may not deny extraordinary writ petitions in these physician discipline cases summarily, without an order to show cause or alternative writ, oral argument, and a written opinion. Dr. Leone asserts that a summary writ denial is not an exercise of jurisdiction and thus cannot not satisfy an appellate court’s obligation to exercise the appellate jurisdiction with which it is constitutionally vested. This argument also fails.
A reviewing court’s obligation to exercise the appellate jurisdiction with which it is vested, once that jurisdiction has been properly invoked, is established and not open to question. (See Colorado River Water Cons. Dist. v. U.S. (1976) 424 U.S. 800, 817 [96 S.Ct. 1236, 1246, 47 L.Ed.2d 483]; People v. Jordan (1884) 65 Cal. 644, 646 [4 P. 683].) We do not agree with Dr. Leone, however, that a Court of Appeal fails to exercise its appellate jurisdiction when it summarily denies an extraordinary writ petition that lacks substantive merit or is procedurally defective.
As authority for the proposition that a Court of Appeal fails to exercise jurisdiction when it summarily denies an extraordinary writ petition, Dr. Leone relies on this court’s decision in Kowis v. Howard (1992) 3 Cal.4th 888 [12 Cal.Rptr.2d 728, 838 P.2d 250]. In that case, we held that a summary denial of a writ petition on a pretrial issue does not establish the law of the case. In the course of explaining that holding, we made this statement, on which Dr. Leone relies: “When the court denies a writ petition *670 without issuing an alternative writ, it does not take jurisdiction over the case; it does not give the legal issue full plenary review.” (Id. at p. 897.) The italicized statement was addressed to writ petitions challenging pretrial superior court rulings that could also be reviewed on appeal from the judgment ultimately entered in the action; it was not addressed to situations in which a writ petition was the only authorized mode of appellate review. In the latter situation, an appellate court must judge the petition on its procedural and substantive merits, and a summary denial of the petition is necessarily on the merits. (See Powers, supra, 10 Cal.4th 85, 113-114 (plur. opn. of Kennard, J.); Dowell v. Superior Court (1956) 47 Cal.2d 483, 486-487 [304 P.2d 1009]; May v. Board of Directors (1949) 34 Cal.2d 125, 133-134 [208 P.2d 661].) An appellate court that summarily denies a writ petition for lack of substantive merit or for procedural defect thereby fulfills its duty to exercise the appellate jurisdiction vested in it by the state Constitution’s appellate jurisdiction clause.
Plaintiff doctors argue that section 2337 not only violates the appellate jurisdiction clause of the state Constitution, but also denies them due process and equal protection. Because these due process and equal protection claims are outside the issues on which we granted review, and because the Court of Appeal has not yet addressed them, we decline to consider them at this time. The Court of Appeal will address these issues on remand.
III
In section 2337, the Legislature has determined that for superior court decisions in certain physician licensing matters, the mode of appellate review shall be an extraordinary writ proceeding rather than direct appeal. To determine whether, as plaintiff doctors contend, the appellate jurisdiction clause of the state Constitution forbids this legislative choice, we have examined the text and history of this constitutional provision. We conclude that the appellate jurisdiction clause does not require the Legislature to provide for direct appeals in all cases within the original jurisdiction of the superior courts; that it permits some variation in and experimentation with the procedures for appellate review of civil actions brought in the superior courts, provided always that the constitutional powers of the courts are not thereby impaired; and that in particular it does not guarantee a physician a right to a direct appeal from a superior court administrative mandate judgment upholding the MBC’s revocation of the physician’s license to practice medicine.
The judgment of the Court of Appeal denying the MBC’s motions to dismiss is reversed, and the matter is remanded to that court for further proceedings consistent with this opinion.
Baxter, J., Werdegar, J., and Chin, J., concurred.