V. Roy LEFCOURT, Plaintiff–Appellant,

v.

SUPERIOR COURT FOR THE COUNTY OF SAN FRANCISCO; Richard Kramer, Defendants–Appellees.

No. 99–16855.

D.C. No. CV–99–02385–WHO.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2001.

Decided March 28, 2001.

685

Before HUG, NOONAN, and W. FLETCHER, Circuit Judges.

MEMORANDUM[1]

V. Roy Lefcourt appeals the district court's order dismissing for lack of subject matter jurisdiction his 42 U.S.C. § 1983 action against the Superior Court for the County of San Francisco and Superior Court Judge Richard Kramer. The district court ruled that it lacked jurisdiction under the Rooker–Feldman doctrine, which precludes federal court review of state court decisions. Because the parties are familiar with the factual and procedural history of the case, we do not recount it here except as necessary to explain our decision.

 As courts of original rather than appellate jurisdiction, federal district courts have no authority to review the final determinations of a state court in judicial proceedings. This is true even when a challenge alleges that the state court's action itself was unconstitutional. *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Worldwide Church of God v. McNair,* 805 F.2d 888, 890 (9th Cir.1986). Accordingly, Lefcourt is barred from seeking what in substance would be appellate review in a United States district court of a state court's judgment. *Worldwide Church of God,* 805 F.2d at 890. He has the right to seek certiorari to the United States Supreme Court, and that would be his remedy when in fact he is appealing the merits decision of the state court's contempt citation.[2] *See* 28 U.S.C. § 1257; *Feldman,* 460 U.S. at 486. This Court has previously noted that the Rooker–Feldman jurisdictional bar applies in the § 1983 context as elsewhere. *Worldwide Church of God,* 805 F.2d at 893 n. 4. The district court appropriately dismissed this claim under the Rooker–Feldman doctrine for lack of subject matter jurisdiction.

AFFIRMED.

---

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

2. In California, the summary denial of a petition for an extraordinary writ such as Lefcourt's constitutes a decision on the merits. *Leone v. Medical Board of California,* 22 Cal.4th 660, 670, 94 Cal.Rptr.2d 61, 995 P.2d 191 (2000).