[No. B145178. Second Dist., Div. Five. July 16, 2001.]

PAMELA WARREN PORTER, Plaintiff and Appellant, v.
UNITED SERVICES AUTOMOBILE ASSOCIATION, Defendant and
Respondent.

### COUNSEL

Law Offices of Janice Weberman and Janice Weberman for Plaintiff and Appellant.

Law Offices of David Mains, Margaret A. Klug; Law Offices of David S. Springer and David S. Springer for Defendant and Respondent.

### OPINION

**WILLHITE, J.***—Plaintiff, Pamela Warren Porter, appeals from an order denying her petition to compel arbitration in California under the terms of the underinsured motorist provisions in an automobile insurance policy issued by defendant, United Services Automobile Association. We have the duty to raise issues concerning our jurisdiction on our own motion. (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126 [32 Cal.Rptr.2d 275, 876 P.2d 1074]; *Olson v. Cory* (1983) 35 Cal.3d 390, 398 [197 Cal.Rptr. 843, 673 P.2d 720].) We issued an order to show cause concerning possible dismissal of the appeal. Having reviewed plaintiff's response, we determine that the order

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

denying the petition to compel arbitration in California is appealable under Code of Civil Procedure section 1294, subdivision (a).[1]

On May 26, 2000, plaintiff filed a petition to compel arbitration in California under the terms of the underinsured motorist provisions of an automobile insurance policy issued by defendant. The insured was Douglas V. Porter, a South Orange, New Jersey resident. The petition alleged that on November 11, 1996, plaintiff was involved in an automobile accident in Los Angeles. Suit was filed against another driver, as well as against the company from whom plaintiff rented the car and the manufacturer of the automobile. By June 1999, plaintiff's claims against the other driver as well as the car rental company and its manufacturer had been settled. Plaintiff's counsel attempted to negotiate a settlement with defendant's employees in California. On November 23, 1999, plaintiff's counsel demanded an underinsured motorist arbitration. A series of pre-arbitration discovery disputes developed. Further, the parties disputed whether the arbitration should proceed in California or in New Jersey. As a result, plaintiff requested in her petition that the underinsured motorist arbitration occur in California and she be awarded $2,529.50 in monetary sanctions. The opposition to the petition contained an under oath declaration by defendant's attorney which stated, "On November 11, 1996, [plaintiff], a resident of South Orange, New Jersey was involved in a motor vehicle accident while on a business trip in the State of California." The arbitration venue portion of the automobile insurance policy stated: "Unless both parties agree otherwise, arbitration will take place in the county in which the covered person lives. Local rules of the law as to procedure and evidence will apply."

On August 31, 2000, the trial court issued its ruling. The trial court found that plaintiff lived in New Jersey. The trial court further determined that, unless the parties otherwise agreed, the unambiguous terms of the policy required that the arbitration occur in the place of the covered person's residence, which in this case was New Jersey. The trial court ruled: "The petition to compel arbitration in California is denied. Counsel are advised to proceed forthwith to arbitration in New Jersey." On October 5, 2000, plaintiff filed a notice of appeal from the August 31, 2000, order.

Subject to certain narrow constitutional limitations, there is no right to appeal. (*Leone v. Medical Board* (2000) 22 Cal.4th 660, 665-670 [94 Cal.Rptr.2d 61, 995 P.2d 191]; *Lindsey v. Normet* (1972) 405 U.S. 56, 77 [92 S.Ct. 862, 876, 31 L.Ed.2d 36].) Rather, absent constitutional restrictions,

---

[1]All further section references are to the Code of Civil Procedure.

the right to appeal is wholly statutory. (*People v. Chi Ko Wong* (1976) 18 Cal.3d 698, 709 [135 Cal.Rptr. 392, 557 P.2d 976], disapproved on another point in *People v. Green* (1980) 27 Cal.3d 1, 33-35 [164 Cal.Rptr. 1, 609 P.2d 468] ["a judgment or order is not appealable unless expressly made so by statute"]; *Skaff v. Small Claims Court* (1968) 68 Cal.2d 76, 78 [65 Cal.Rptr. 65, 435 P.2d 825] ["a party possesses no right of appeal except as provided by statute"].) In arbitration matters, the right to appeal is generally controlled by the provisions of section 1294. (*Mid-Wilshire Associates v. O'Leary* (1992) 7 Cal.App.4th 1450, 1454 [9 Cal.Rptr.2d 862]; *Melchor Investment Co. v. Rolm Systems* (1992) 3 Cal.App.4th 587, 591 [4 Cal.Rptr.2d 343].)

■ We issued our order to show cause to address the issue whether an order denying arbitration in California, but directing arbitration in a sister state, is appealable under section 1294. We now hold that such an order is appealable under subdivision (a) of that section. That subdivision states in pertinent part: "An aggrieved party may appeal from: [¶] (a) An order . . . denying a petition to compel arbitration."

We recognize that the parties agreed arbitration should occur, and simply disputed the venue of that arbitration. Further, given the nature of the dispute, the trial court's order "advised" the parties to commence arbitration in New Jersey, thus acknowledging that arbitration would occur, albeit not in California. In that sense, the order did not deny the propriety of arbitration altogether. Nonetheless, the order did specifically deny the petition in so far as it sought to compel arbitration as requested by plaintiff—that is, arbitration in California. Thus, the order falls within the plain language of section 1294, subdivision (a), as an order "denying a petition to compel arbitration." That the court also suggested that the parties take their dispute to New Jersey is irrelevant to the question whether the order denying the petition to compel arbitration in California is appealable.

The order to show cause re dismissal is discharged.

Grignon, J., concurred.

**TURNER, P. J.**—I respectfully dissent. Plaintiff contends that the order denying the petition to compel arbitration *in* California is appealable pursuant to the relevant provisions of Code of Civil Procedure section 1294, subdivision (a) which states in pertinent part: "An aggrieved party may appeal from: [¶] (a) An order . . . denying a petition to compel arbitration."

Also, plaintiff contends that because the trial court denied the petition to compel arbitration in California based upon questions of convenience, then the present matter is appealable pursuant to Code of Civil Procedure section 904.1, subdivision (a)(3) which states in pertinent part: "An appeal . . . may be taken from any of the following: [¶] . . . [¶] (3) From an order granting a motion to . . . dismiss the action on the ground of inconvenient forum." I disagree on both counts. In the present case, there was no dispute concerning the duty of the parties to arbitrate. In fact, pre-arbitration discovery had commenced. Rather, the sole dispute related to the venue of the arbitration itself; New Jersey or California.

To begin with, Code of Civil Procedure section 1294, subdivision (a) does not apply for several reasons. The above quoted language in Code of Civil Procedure section 1294, subdivision (a) was not intended to vest an appellate court with jurisdiction to decide on direct appeal interstate arbitration venue issues. There is nothing in the express language of Code of Civil Procedure section 1294, subdivision (a) which refers to venue disputes. Further, the 1960 study by the Law Revision Commission which preceded the enactment of the current version of the California Arbitration Act made no reference to the necessity of providing for review on direct appeal of an order denying a petition which sought to fix the venue of the actual arbitration proceeding. In terms of appellate review, the principal concern of the Law Revision Commission was to codify appellate court decisions which provided that the denial of a petition to compel arbitration was appealable if there was no pending action. (Recommendation and Study Relating to Arbitration (Dec. 1960) 3 Cal. Law Revision Com. Rep. (1961) pp. G-59-G to 60, G-64.) The recommendation of the Law Revision Commission concerning appeals was as follows: "The appeal provisions of the arbitration statute should also be clarified. The present statute does not provide for an appeal from an order made prior to the arbitration hearing. The cases hold that an order dismissing a petition to compel arbitration is appealable and an order granting a petition to compel arbitration is not appealable. These decisions should be codified." (*Id.* at p. G-11.) The Legislature specifically adopted this recommendation of the Law Revision Commission. (Legis. Counsel, Rep. on Assem. Bill No. 832 (1961-1962 Reg. Sess.) May 12, 1961, pp. 1-2.) Finally, the trial court did not deny a petition to simply compel arbitration. The parties agreed that the underinsured motorist claim must be arbitrated. The trial court recommended that the matter proceed to arbitration "forthwith."

Finally, the Code of Civil Procedure section 904.1, subdivision (a)(3) inconvenient forum provisions are inapplicable. The court did not dismiss or stay an action based upon forum non conveniens principles. Rather, the trial

court refused to order the arbitration to occur in California. No dismissal or stay was issued in this case. Code of Civil Procedure section 904.1, subdivision (a)(3) is inapposite. Hence, the decision to deny the petition to compel arbitration *in California* is not reviewable on direct appeal.

I would dismiss the appeal.