Filed 3/6/25  Carol D. v. Wright CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| CAROL D.,<br><br>     Petitioner and Appellant,<br><br>v.<br><br>JOE WRIGHT,<br><br>     Defendant and Respondent. | A169921<br><br>(Alameda County Super. Ct.<br> No. HF23141104) |

Carol D. appeals from orders modifying a restraining order against Joe Wright pursuant to the Elder Abuse and Dependent Adult Civil Protection Act (Welf. & Inst. Code, § 15600 et seq.; the Elder Abuse Act).[1]  She argues the trial court misapplied the law, acted sua sponte, and "should have" modified the restraining order differently.  Finding no error, we affirm.

## BACKGROUND

As stated in our February 2024 opinion, "Carol is 70 years old, retired, and has lived in the same 26-unit apartment complex in Berkeley for over 35 years.  Wright is a healthcare worker who takes care of Frank C., another tenant in the apartment complex, six days a week.  When he is working,

---

[1] Further undesignated statutory references are to the Welfare and Institutions Code.  We use the terms restraining order and protective order interchangeably.  (§ 15657.03, subd. (b)(5).)

1

Wright spends up to 12 hours a day with Frank in the apartment complex." (*Carol D. v. Wright* (A165330, Feb. 27, 2024 [nonpub. opn.].)[2]

On April 24, 2023, Carol filed an application for a restraining order under the Elder Abuse Act, which the trial court granted on June 6, 2023, issuing the five-year restraining order against Wright underlying this appeal. The restraining order required Wright to stay at least 100 yards away from Carol, Carol's home, and Carol's vehicle. The restraining order also included the standard form language, "[t]his stay-away order does not prevent you from going to or from your home or place of employment."

In October 2023, Carol filed an ex parte application seeking "an order clarifying that the [restraining order] does *not* allow Mr. Wright to be at" the property "even if he claims to be assisting [Frank]." Carol represented that she had seen Wright on the property at least three times since June 2023, but the Berkeley Police Department refused to enforce the restraining order because, according to Carol, officers were "misinterpreting" the restraining order in a way that permitted Wright to be on the property because "he claims his place of work is on the Property."

On November 29, 2023, the court held a hearing on Carol's ex parte application with both parties appearing.[3] The court inquired whether Wright

---

[2] Carol previously appealed the denial of a petition to renew an Elder Abuse Act restraining order against Wright, which we reversed and remanded with instructions to reconsider Carol's request. But before our opinion issued, Carol filed an entirely new petition for an Elder Abuse Act restraining order against Wright, which was granted and gives rise to this appeal.

[3] On November 22, 2023, Carol filed an "amended" ex parte application and proof of service, providing the hearing date and location. Wright had also filed but failed to serve Carol with a request to terminate the restraining order, thus, the court continued the hearing on Wright's request for termination, which is not before us on appeal.

was, in fact, providing services to Frank when he was at the property, noting that it "isn't allowed to kick [Wright] out of his work if he really does have work." Frank was sworn and briefly testified, over objection, that Wright helped Frank with "getting around," preparing food, and assisting Frank when he fell. Ultimately, the court agreed that "the restraining order does need to be modified" and revised "the stay-away order to state that [Wright] is to stay 15 slash 100 yards away" from Carol, her home, and her vehicle, and "that the 15-yard requirement is when [Wright] is at the residence providing services to [Frank]. Otherwise, [Wright] is to stay a hundred yards away from [Carol]." The court issued an amended restraining order memorializing the adjustment but declined to make any other modifications.

On December 14, 2023, Carol filed notices of three motions—a motion for new trial, a motion to vacate judgment, and a motion for reconsideration (the motions), all of which were supported by an "omnibus" memorandum of points and authorities.[4] The motions disputed the court's authority to modify the restraining order "sua sponte," argued the court erred in assuming it was "limited in issuing restraining orders if they prevent the restrained part[y] from being at their workplace," and challenged Wright's evidence regarding the amount of time he spent caretaking for Frank.

A hearing on Carol's motions took place on February 6, 2024. After argument, the court explained that while it did not believe it could prevent Wright from going to his place of work, "[e]ven if the court did have the authority," it would not exercise its discretion "in that way" and declined to exclude Wright from the property entirely.

---

[4] Only the memorandum points and authorities, which Carol subsequently filed on December 26, 2023, was designated as part of the appendix.

In its posthearing minute order, the court denied all three motions and added a provision to the restraining order: "In the event of an encounter, the parties shall refrain from contact or acknowledging one another, and treat each other as strangers. [Wright] shall make his best effort to remove himself from the area of the encounter."

On March 5, 2024, Carol filed a notice of appeal.

## DISCUSSION

Carol purports to appeal from the February 6, 2024 order denying her motions, as well as the November 29, 2023 order following the hearing on Carol's ex parte application.[5] Carol argues the trial court is not precluded from restraining Wright's access to his workplace and that the court erred in modifying the restraining order "sua sponte." Carol alternatively argues that, should we affirm the trial court's modification, we "should at least require it to adopt a more reasonable modification prohibiting Mr. Wright's access to the property outside of when he is in an employment capacity."

The Elder Abuse Act was designed "to protect vulnerable elderly adults from abuse and neglect." (*White v. Wear* (2022) 76 Cal.App.5th 24, 34.) An elder or dependent adult who has suffered abuse may seek a protective order enjoining another party from abusing, intimidating, attacking, stalking, or otherwise harassing the elder or dependent adult. (§ 15657.03, subds. (a)(1), (b)(5).) We review the trial court's ruling on a petition for protective order for abuse of discretion, and we review the court's factual findings for substantial

---

[5] Although untimely as to the November 2023 order, Carol's notice of appeal is timely as to the motions; therefore, we consider the merits of her arguments that relate to the court's ruling in November. (*Leone v. Medical Board of California* (2000) 22 Cal.4th 660, 669 ["A reviewing court's obligation to exercise the appellate jurisdiction with which it is vested, once that jurisdiction has been properly invoked, is established and not open to question"].)

evidence. (*White*, at p. 34.) However, the issue of whether the court applied the correct legal standard in exercising its discretion is reviewed de novo. (*Gordon B. v. Gomez* (2018) 22 Cal.App.5th 92, 97–98.)

## I. Place of Work Restraints

Carol asserts the "trial court misapplied the law in modifying" the restraining order because it acted under the "mistaken belief that it lacked the authority" to restrain Wright from his place of work. We find the argument without merit.

To start, Carol offers no case law authorizing courts to unconditionally ban individuals from their place of work.[6] Carol cites a 2013 opinion from this division, affirming a Domestic Violence Prevention Act restraining order that limited defendant's access to offices where he "sometimes" worked as a consultant. (*Lister v. Bowen* (2013) 215 Cal.App.4th 319, 323.) The trial court in *Lister* required the defendant to stay 100 yards away from the office building if the plaintiff Lister was present, but "if Lister was not present," then the defendant could enter the property for "income-producing purposes." (*Id.* at p. 324.) Thus, *Lister* does not suggest that a restrained party can be categorically enjoined from his or her place of work. (*B.B. v. County of Los Angeles* (2020) 10 Cal.5th 1, 11 ["As we have repeatedly observed, ' "cases are

---

[6] Carol suggests "case law generally does not address this issue." Not so. The right to work "enjoys the protection of the personal liberty guarantee of the Fourteenth Amendment to the federal Constitution, as well as the more specific provisions of our state Constitution." (*Bautista v. Jones* (1944) 25 Cal.2d 746, 749.) But the right to work "is not absolute" and is "subject to the state's police power, which is simply the power to subject individuals to reasonable regulation for the purpose of achieving governmental objectives such as the public safety, health, morals and public welfare." (*Ibid.*; *Doyle v. Board of Barber Examiners* (1963) 219 Cal.App.2d 504, 509.) In that regard, courts may be authorized to impose restraints on an individual's right to work under appropriate circumstances. (See, e.g., Code Civ. Proc., § 527.8.)

5

not authority for propositions not considered" ' "].)  In fact, the restraining order here did impose restraints on Wright similar to those in *Lister*, i.e., the 15-yard stay away order while at Wright's place of work.

While there may be circumstances where " 'it appears from the record that in issuing the ruling the court failed to exercise the discretion vested in it by law,' " that is not the case here.  (*Fletcher v. Superior Court* (2002) 100 Cal.App.4th 386, 392.)  Contrary to Carol's assertion, in refusing to preclude Wright from accessing his place of work, the trial court expressly declined to exercise its discretion "in that way."  Nor did the court fail to act; rather, the court modified the restraining order to prohibit Wright from coming within 15 yards of Carol when on the property providing services to Frank.  The court further ordered, "In the event of an encounter, the parties shall refrain from contact[ing] or acknowledging one another, and treat each other as strangers.  [Wright] shall make his best effort to remove himself from the encounter."  Thus, the record demonstrates that the court exercised its discretion in permitting Wright to continue working for Frank but limiting any associated potential contact with Carol rather than excluding Wright from the property entirely.

Because the trial court considered the "declarations and information" Carol submitted in support of the restraining order and "struck a proper balance between the interests of the parties" in deciding not to exercise its discretion "in that way," Carol fails to show reversable error.  (*Lister v. Bowen, supra*, 215 Cal.App.4th at p. 335.)

## II.  Modification of Elder Abuse Act Restraining Orders

Carol also argues that the trial court erred in modifying the restraining order "sua sponte."  We reject the argument as being based on a selective view of the record.

6

The Elder Abuse Act contemplates the modification of a restraining order in two situations, "either on written stipulation filed with the court or on the motion of a party." (§ 15657.03, subd. (i)(1).) On appeal, Carol argues she "never sought modification" of the restraining order, and "the trial court did not have the authority to modify the restraining order *sua sponte*." But Carol's ex parte application expressly requested "a modification" of the restraining order, asserting the court had authority to modify the order because she "is filing this motion" within the meaning of section 15657.03, subdivision (i)(1). Thus, Carol's representation that the trial court acted sua sponte is simply wrong. In fact, when Carol objected to these "sua sponte" actions before the trial court, the court explained that it modified the restraining order "frankly, in response to the ex-parte application to get clarification."

"A request to modify a restraining order is a procedural mechanism that, among other things, allows the trial court to fine tune the terms of a restraining order after seeing how the specific terms have impacted the protected and restrained parties and their activities." (*Yost v. Forestiere* (2020) 51 Cal.App.5th 509, 528, fn. 6.) Consequently, Carol's request pursuant to section 15657.03, subdivision (i)(1) authorized the court to "fine tune" the specifics of the restraining order. (*Yost*, at p. 528, fn. 6.) The trial court's refusal to modify the restraining order in the precise manner Carol requested does not constitute an abuse of discretion. (*Id.* at pp. 527–528 ["after considering the relevant evidence presented, . . . the court has the discretion to modify the terms of the restraining order"].)

### III. Carol's Alternative Argument

"Alternatively," Carol argues, the trial court erred because it "should have modified the restraining order to the actual terms" of Wright's

7

employment. Carol asserts that Wright's testimony concerning his work hours was contradictory, and thus the court should have modified the restraining order to prevent Wright from being "at the property outside of the hours he is actually caretaking for [Frank]."

The party challenging the issuance of the protective order bears the burden of showing an abuse of discretion by the trial court. (*Bookout v. Nielsen* (2007) 155 Cal.App.4th 1131, 1140.) "In reviewing the issuance of a restraining order, we will only find an abuse of discretion when the trial court exceeds the bounds of reason or disregards the uncontradicted evidence." (*Ibid.*)

Here, at best, Carol shows that there was contradictory testimony regarding the scope of Wright's caretaking obligations, but these discrepancies fall short of establishing the court abused its discretion. (See *Department of Parks & Recreation v. State Personnel Bd.* (1991) 233 Cal.App.3d 813, 830–831 [discussing "the distinction between the substantial evidence rule and the abuse of discretion standard"].) Below, Carol argued Wright was limited to working 66 hours in a workweek by statute (§ 12300.4, subd. (b)(2)), which conflicted with Wright's testimony that he worked 12 hours a day, seven days a week. Thus, Carol requested the court order Wright to provide a schedule and preclude him from the property during non-working hours. The trial court recognized and questioned Wright about inconsistencies in his testimony and made an express finding that Wright worked at the property by "clear evidence," which is supported by substantial evidence. (*Howard v. Owens Corning* (1999) 72 Cal.App.4th 621, 630–631 ["Our authority begins and ends with a determination as to whether, on the entire record, there is *any* substantial evidence, contradicted or uncontradicted"].)

Insofar as Carol requests us to "instruct the trial court to adopt an order that only permits Mr. Wright access to the property for the times he is paid to be caretaker," the request goes beyond our authority under an abuse of discretion standard. (*Avant! Corp. v. Superior Court* (2000) 79 Cal.App.4th 876, 881–882 ["if the trial court's conclusion was a reasonable exercise of its discretion, we are not free to substitute our discretion for that of the trial court"].)

## DISPOSITION

The challenged orders are affirmed. Because Wright did not appear in this appeal, we decline to award costs. (Cal. Rules of Court, rule 8.278(a)(5); *In re Marriage of D.S. and A.S.* (2023) 87 Cal.App.5th 926, 938.)

_____
DESAUTELS, J.

We concur:

_____
RICHMAN, ACTING P. J.

_____
MILLER, J.

*Carol D. v. Wright* (A169921)