Filed 7/21/22  Rogers v. Lyft CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| JOHN ROGERS, et al.,<br><br>Plaintiffs and Appellants,<br>v.<br>LYFT, INC.,<br><br>Defendant and Respondent. | A160182<br><br>(San Francisco City and County Super. Ct. No. CGC-20-583685) |

Plaintiffs John Rogers, Amir Ebadat, and Hany Farag, rideshare drivers for Lyft, Inc. (Lyft), appeal from the superior court's order compelling arbitration of a claim for injunctive relief contained in their putative class action alleging that defendant Lyft misclassified them as independent contractors.  They also appeal the court's denial of their application for an emergency preliminary injunction.  In November 2020, while this appeal was pending, California voters passed Proposition 22, the "App-Based Drivers as Contractors and Labor Policies Initiative" which generally classified app-based drivers as independent contractors.

Plaintiffs assert two bases for their appeal.  First, they contend that notwithstanding the passage of Proposition 22, an actual controversy remains because they would have been entitled to incidental relief and attorney fees had the preliminary injunction been granted.  Second, plaintiffs contend that the preliminary injunction seeks public injunctive relief which cannot be

1

compelled to arbitration.  We conclude neither order is appealable and dismiss this appeal.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Lyft operates an app-based ridesharing platform that matches people seeking local rides with people willing to provide those rides.  Plaintiffs are rideshare drivers who have used the Lyft platform in California.  To use the Lyft platform, drivers must download the Lyft App and consent to the Terms of Service Agreement (TOS).  In section 17 of the TOS, drivers agree to submit all disputes with Lyft to binding arbitration and waive the right to seek relief on a class, collective, or representative basis.  Drivers may choose to opt out of arbitration.  None of the named plaintiffs in this action opted out.

In *Dynamex Operations West, Inc. v. Superior Court* (2018) 4 Cal.5th 903, 959-961, the Supreme Court established a three-part test, commonly known as the ABC test, to determine whether a worker is an employee or an independent contractor.  Effective January 1, 2020, Assembly Bill No. 5 (2019-2020 Reg. Sess.) (Stats 2019, ch 296 § 2) codified the holding in *Dynamex,* in part by clarifying that a company's workers must be classified as employees if the work they perform is not outside the usual course of the company's business.  (See former Lab. Code, § 2750.3, subd. (a)(1).)

On March 12, 2020, Rogers filed a putative class action in the Superior Court of the City and County of San Francisco alleging that Lyft misclassified its drivers as independent contractors, rather than as employees.  The complaint asserted a single claim for failure to provide paid sick leave under Labor Code section 246.

Rogers filed an ex parte application for an emergency preliminary injunction seeking to enjoin Lyft from classifying its drivers as independent

2

contractors. The hearing on the ex parte application was set for March 19, 2020. However, on that day, Lyft removed the case to federal court under the Class Action Fairness Act of 2005 (28 U.S.C. § 1332(d)). Plaintiffs submitted their emergency preliminary injunction request to the District Court for the Northern District of California that same day. Lyft filed a motion in the district court seeking to compel individual arbitration of Rogers' claims.

While the emergency preliminary injunction and Lyft's motion to compel arbitration were pending, Rogers filed a first amended class action complaint (FAC) in the district court, adding Ebadat and Farag as plaintiffs[1] and augmenting the complaint by adding claims for failure to reimburse for business expenses and pay minimum wage, and seeking declaratory and injunctive relief for unfair business practices under the Unfair Competition Law (Bus. & Prof. Code, § 17200, et seq.; UCL). The FAC again alleged that Lyft misclassified its drivers as independent contractors rather than as employees. Among other things, the FAC sought "a *public injunction* requiring Lyft to comply with the California Labor Code by classifying its drivers as employees and providing them with the protections of the Labor Code."[2] (Italics added.)

The district court granted in part and denied in part Lyft's motion to compel arbitration. (*Rogers v. Lyft, Inc.* (2020) 452 F.Supp. 3d 904, 909

---

[1] In a letter dated July 5, 2022, Lyft's counsel informed this court that Ebadat and Farag settled their claims against Lyft in 2021. At oral argument, plaintiffs' counsel indicated that she was attempting to verify this information with her clients.

[2] A public injunction "has the primary purpose and effect of prohibiting unlawful acts that threaten future injury to the general public." (*McGill v. Citibank, N.A.* (2007) 2 Cal.4th 945, 951 (*McGill*).)

(*Rogers I*).)  The court first denied plaintiffs' request for an emergency preliminary injunction, finding that "court-ordered reclassification of Lyft drivers prior to arbitration would displace, rather than preserve, the arbitration process."  (*Id*. at p. 913.)  The court next ruled that the Federal Arbitration Act (9 U.S.C. §§ 1-16) applied, (*Rogers I*. at p. 917), and granted Lyft's motion to compel arbitration as to the FAC's claims for individualized relief.  (*Id*. at p. 918.)  The court also struck the FAC's class allegations.[3] (*Ibid.*)  Finally, the court determined that it lacked jurisdiction as to plaintiffs' claim for public injunctive relief (*id*. at p. 919), remanding the case to the superior court to resolve whether the claim actually sought a private injunction, which would be subject to arbitration, or a public injunction, which would be exempt from arbitration.[4]  (*Id*. at pp. 920-921.)

Upon remand, plaintiffs filed another ex parte application for an emergency preliminary public injunction in the superior court, seeking to enjoin Lyft from "misclassifying its drivers in California as independent contractors and thereby denying these workers their rights under the Labor Code" and under two municipal ordinances pertaining to sick leave.  That same day, Lyft filed a petition to compel arbitration and stay the case.

Following a hearing on the parties' motions, the superior court issued a comprehensive order.  First, it granted Lyft's motion to compel arbitration. The court concluded that plaintiffs' request for an emergency preliminary injunction constituted a request for private injunctive relief, *not* public.  As

---

[3] The Ninth Circuit has since affirmed the district court's order compelling arbitration of the non-injunctive claims.  (See *Rogers v. Lyft, Inc.* (9th Cir. 2022) Case No. 20-15689 2022 WL 474166.)

[4] The district court concluded that plaintiffs lacked Article III standing to proceed in federal court on their claim for public injunctive relief.  (*Rogers I, supra,* at pp. 919-920.)

4

such, it was arbitrable. The court also considered plaintiffs' emergency relief request, recognizing that California law provides courts with the ability to issue a provisional remedy pending arbitration under Code of Civil Procedure section 1281.8. (Code Civ. Proc., § 1281, subd. (b). The court denied the relief after concluding that the denial would not cause plaintiffs to suffer irreparable harm. Plaintiffs filed a petition for writ of supersedeas and requested a stay of the superior court's order. On May 27, 2020, this court denied the petition and cautioned that an order granting a petition to compel arbitration is not appealable. Two days later, plaintiffs filed their notice of appeal.

While this appeal was pending, Proposition 22 passed on November 3, 2020, abrogating Assembly Bill No. 5. In doing so, Proposition 22 declared "app-based drivers" to be independent contractors—not employees—if the rideshare company (in this case, Lyft) provides those drivers with specific wage and hour protections. (See Bus. & Prof. Code. §§ 7451, 7453.) Proposition 22 took effect on December 16, 2020.[5]

## II. DISCUSSION

As a threshold matter, Lyft argues that this appeal should be dismissed because plaintiffs have appealed from unappealable interlocutory orders. We agree.

## A. Orders Compelling Arbitration Are Not Appealable

In their opening brief, plaintiffs purport to appeal from the superior court's "grant of Lyft's Petition to Compel Arbitration," which they assert "is

---

[5] The constitutionality of Proposition 22 is currently on appeal before Division Four of this court in *Castellanos, et al., v. The State of California, et al.*, Case No. RG21088725 (Cal Sup. Ct. Aug. 20, 2021), pending appeal A164655.

appealable pursuant to [Code of Civil Procedure] section 1294 [subdivision](a)." This assertion is manifestly incorrect.

Civil Code of Procedure section 1294, subdivision (a) provides: "An aggrieved party may appeal from . . . [a]n order *dismissing or denying* a petition to compel arbitration." (Italics added.) Here, the superior court *granted* Lyft's petition to compel arbitration. The right to appeal is solely statutory (*Porter v. United Services Automobile Assn.* (2001) 90 Cal.App.4th 837, 839–840), and no statute permits an appeal from an order compelling arbitration: "[O]rders compelling arbitration are considered interlocutory and are not appealable." (*Zembsch v. Superior Court* (2006) 146 Cal.App.4th 153, 160 (*Zembsch*).) Such an order may be reviewed only "from a subsequent judgment on the [arbitration] award." (*Ashburn v. AIG Financial Advisors, Inc.* (2015) 234 Cal.App.4th 79, 94.) " 'The rationale behind the rule making an order compelling arbitration nonappealable is that inasmuch as the order does not resolve all of the issues in controversy, to permit an appeal would delay and defeat the purposes of the arbitration statute.' " (*Zembsch*, at p. 160.)

However, "California courts have held that writ review of orders compelling arbitration is proper in at least two circumstances: (1) if the matters ordered arbitrated fall clearly outside the scope of the arbitration agreement or (2) if the arbitration would appear to be unduly time consuming or expensive." (*Zembsch, supra,* 146 Cal.App.4th at p. 160.) Neither circumstance is present here. We therefore decline to treat this improper appeal as a petition for writ of mandate. (See *Roden v. AmerisourceBergen Corp.* (2005) 130 Cal.App.4th 211, 213–214 ["extraordinary relief is supposed to be extraordinary" and "not available as a matter of course"].)

In any event, in their reply brief plaintiffs change course, expressly stating that they are not appealing from the order compelling arbitration.[6] Accordingly, to the extent plaintiffs purport to appeal from the superior court's order granting the motion to compel arbitration, the appeal is dismissed.

## B. Proposition 22 Mooted The Appeal From The Order Denying The Preliminary Injunction

### 1. The Parties' Contentions

Lyft contends that the only remaining issue in this appeal, the denial of plaintiffs' request for an emergency preliminary public injunction ordering Lyft to reclassify its drivers as employees, should be dismissed as moot because plaintiffs "have expressly abandoned the preliminary injunction request that is the entire basis for this interlocutory appeal." Lyft urges that "[a] ruling by this Court will not result in any preliminary injunction being issued," and argues that plaintiffs are seeking an advisory opinion only.

In their opening brief, plaintiffs expressly waive any argument as to "whether an injunction remains appropriate following the passage of Proposition 22," acknowledging that "a decision on the applicability of Proposition 22 would need to be addressed by the Superior Court in the first instance." However, they assert that this case "presents a live case and controversy" because Lyft drivers would have received paid sick leave during the COVID-19 pandemic if the injunction had issued, and a reversal here would entitle them to this incidental relief.[7] On this basis, they contend that

---

[6] Lyft's motion to strike a portion of plaintiffs' reply brief is denied.

[7] In a footnote in the opening brief and in their reply brief, plaintiffs also assert they would be entitled to attorney fees under Code of Civil Procedure section 1201.5. However, the case they cite for that proposition is distinguishable in that it involved the issuance of a permanent injunction,

7

they "still have a live claim for incidental relief." Alternatively, they argue that this appeal should be heard because it "presents an important question of state law." We agree with Lyft that the appeal from the denial of the emergency preliminary injunction is moot and should be dismissed.

2. Applicable Legal Principles

"A preliminary injunction is a device to protect the rights of litigants pending a final determination of the merits of the action; it is but an adjunct to the action and its fate is hinged to the main action. The general purpose of such an injunction is to preserve the status quo until a final determination of the merits of the action." (*City of Oakland v. Superior Court* (1982) 136 Cal.App.3d 565, 569.) Here, the issue underlying the preliminary injunction was rendered moot when the voters passed Proposition 22 which determined that app-based drivers are independent contractors. An appeal is moot when a decision of "the reviewing court 'can have no practical impact or provide the parties effectual relief.' " (*MHC Operating Limited Partnership v. City of San Jose* (2003) 106 Cal.App.4th 204, 214 (*MHC*).)

"It is well settled that an appellate court will decide only actual controversies and that a live appeal may be rendered moot by events occurring after the notice of appeal was filed. We will not render opinions on moot questions or abstract propositions, or declare principles of law which cannot affect the matter at issue on appeal." (*Daily Journal Corp. v. County of Los Angeles* (2009) 172 Cal.App.4th 1550, 1557; see also *Finnie v. Town of Tiburon* (1988) 199 Cal.App.3d 1, 10.) These principles apply to appeals from orders denying preliminary injunctions. (*Finnie*, at p. 10.)

not a preliminary injunction. (See *Indio Police Command Unit Assn. v. City of Indio* (2014) 230 Cal.App.4th 532, 534, quoting *Carson Citizens for Reform v. Kawagoe* (2009) 178 Cal.App.4th 357, 364–365.) Regardless, the superior court did not render any decision concerning attorney fees.

8

" ' "It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of plaintiff, to grant him [or her] any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal." ' " (*California Redevelopment Assn. v. Matosantos* (2013) 212 Cal.App.4th 1457, 1484.)  However, " 'the general rule governing mootness becomes subject to the case-recognized qualification that an appeal will not be dismissed where, despite the happening of the subsequent event, there remain material questions for the court's determination.' " (*Biosense Webster, Inc. v. Superior Court* (2006) 135 Cal.App.4th 827, 835.)  "[T]he burden of persuasion with respect to mootness is on the respondent."  (*Parkford Owners for a Better Community v. County of Placer* (2020) 54 Cal.App.5th 714, 721.)

3.    Analysis

Lyft persuasively argues that claims for incidental damages or restitution, such as those that plaintiffs advance here, are irrelevant to whether a preliminary injunction appeal is moot.  Lyft relies on *Jomicra, Inc. v. Cal. Mobile Home Dealers Assn.* (1970) 12 Cal.App.3d 396 (*Jomicra*).

In *Jomicra,* the cross-complainants appealed from the denial of a preliminary injunction, and the injunction request became moot during appeal.  They nevertheless opposed dismissal on the ground that "the issue of damages has not been determined."  (*Id*. at p. 399.)  The appellate court dismissed the appeal, explaining that "[t]he issue of damages has not been determined by the trial court and is not before this court on appeal," (*ibid*.) and observing that it would be improper to offer an "advisory opinion."  (*Id*. at p. 400.)  This holding is in accord with the bedrock principle that a

preliminary injunction decision does not and cannot resolve a party's claims on the merits, including any claims for incidental damages or restitution.

" ' "The granting or denial of a preliminary injunction does not amount to an adjudication of the ultimate rights in controversy. It merely determines that the court, balancing the respective equities of the parties, concludes that, pending a trial on the merits, the defendant should or should not be restrained from exercising the rights claimed by him." ' " (*Jomicra*, *supra*, 12 Cal.App.3d 396 at p. 401.) An order granting (or denying) a preliminary injunction is an interim order that "reflects nothing more than the superior court's evaluation of the controversy on the record before it at the time of its ruling; it is not an adjudication of the ultimate merits of the dispute." (*People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1109, italics omitted.) " ' "Indeed, when the cause is finally tried it may be found that the facts require a decision against the party prevailing on the preliminary application." ' " (*Jomicra*, *supra*, at p. 401.) An appeal from the denial of a preliminary injunction is not rendered justiciable by a potential demand for damages or restitution when the injunction itself is moot. (*Id.* at pp. 400–401 ["this court could not properly write a definitive opinion upon the merits of the controversy between the parties on an appeal from an order granting or denying a preliminary injunction"].)

Plaintiffs insist that there is still an "ongoing controversy" over whether rideshare drivers who were using the Lyft platform are entitled to "payments for sick leave they would have . . . received" under the UCL had the requested injunction issued. They describe these proposed payments as a request for retrospective "ancillary restitution" that "is akin to incidental damages." In arguing that an actual controversy exists, they rely heavily on federal cases that do not construe California law, including *Powell v.*

10

*McCormack* (1969) 395 U.S. 486 (*Powell*) and its progeny. The cases are inapposite.

*Powell* concerned longtime congressman Adam Clayton Powell, Jr., who was barred by the House of Representatives from taking his seat. (*Powell, supra*, 395 U.S. at 489.) Powell sued and requested that the district court issue a permanent injunction to regain his seat and his salary. (*Id*. at p. 493.) The district court granted the respondents' motion to dismiss the complaint " 'for want of jurisdiction of the subject matter.' " The ruling was affirmed and the Supreme Court granted certiorari. (*Id*.at p. 494) While the case was being litigated, Powell was reelected and he was allowed to take his seat. (*Ibid*.) The House defendants then asserted that Powell's case was moot. (*Id*. at pp. 495–496.) The Supreme Court disagreed, reasoning that because Powell had an "obvious and continuing interest in his withheld salary," there remained a live case or controversy. (*Id*. at pp. 496–99.)

Plaintiffs' attempt to analogize this case to *Powell* fails. Plaintiffs aver that they also sought an injunction requiring their employer to pay them for wrongfully withheld paid sick leave. Because the UCL authorizes restitution and injunctive relief, they assert that they would have been entitled to receive payments for paid sick leave had the injunction been granted. They contend that these "incidental damages are sufficient to confer jurisdiction on an appeal despite the injunctive relief request otherwise being mooted." *Powell* is distinguishable in that it did not concern an appeal from the denial of a preliminary injunction. Rather, it was an appeal from a judgment of dismissal of the entire action.[8] As noted above, a preliminary injunction is a

---

[8] None of the other federal cases plaintiffs cite to are on point as none involved the denial of a request for a preliminary injunction. Both *Gibson v. DuPree* (8th Cir. 1981) 664 F.2d 175, 176–177, *Wilson v. State of Nevada* (9th Cir. 1982) 666 F.2d 378, 380–381 involved the reversal of orders dismissing

provisional remedy that is not determinative of the merits of a lawsuit. Plaintiffs cite to *Ammond v. McGahn* (3rd Cir. 1976) 532 F.2d 325, 328, but that case confirms that the "sole question" in an interlocutory appeal from a preliminary injunction ruling is "whether the preliminary injunction was properly granted [or denied]."

Additionally, plaintiffs correctly observe that under *McGill, supra,* 2 Cal.5th at 967, fn. 1 "claims for restitution are not ordinarily encompassed by public injunctive relief requests, and thus ordinarily may be arbitrable." Plaintiffs suggest however, that this court "should recognize" that ancillary restitution may be encompassed within a request for a public injunction. In this regard, plaintiffs attempt to distinguish *McGill supra,* 2 Cal.5th at 967, fn. 1 and the related case of *Cruz v. PacifiCare Health Systems, Inc.* (2003) 30 Cal.4th 303, 318, by arguing that neither case held "that ancillary restitution can never constitute relief incidental to a public injunction request." They assert that "there is no case law barring this Court from finding that Plaintiffs' incidental relief here is part-and-parcel to their public injunction request and therefore also non-arbitrable."

No California case holds that plaintiffs can maintain an appeal from the denial of a moot preliminary public injunction by asserting claims for "ancillary restitution." In the circumstances of this case, we decline to do so.

---

the plaintiff's entire lawsuits as moot, not just their claims for injunctive relief. In the two other cases, *Chicago Fire Fighters Union Local No. 2 v. City of Chicago* (N.D. Ill. July 23, 2007, No. 88 C 3773) 2007 U.S.Dist.LEXIS 52910 and *Ammond v. McGahn* (3rd Cir. 1976) 532 F.2d 325, 328, the courts considered and rejected arguments that aspects of the plaintiff's claims had become moot. In *Ammond,* that inquiry was directed at an order *granting* a preliminary injunction, not an order denying one. In all of these cases except *Ammond,* the plaintiffs had asserted damages claims for back pay in addition to requests for injunctive relief.

Plaintiffs alternatively argue that this appeal "presents an important issue of California law that affects the general public, namely, that public injunctive relief is not limited to relief from unlawful business practices related to consumer protection laws, but should also extend to protect the public from the public harms caused by employers not providing workers with mandated employment protections." Plaintiffs maintain that thousands of drivers and the public suffered because Lyft refused to provide paid sick leave during COVID-19 causing drivers to work though they were or might be ill. While plaintiffs concede that injunctive relief may no longer be appropriate, they contend that this matter is justiciable because the same issues may arise in the future through recurring waves of this pandemic.

The general rule regarding mootness is tempered by the court's discretionary authority to decide moot issues. When an action involves a matter of continuing public interest that is likely to recur, a court may exercise its inherent discretion to resolve that issue, even if an event occurring during the pendency of the appeal normally would render the matter moot. (*Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, 746–747; *MHC, supra,* 106 Cal.App.4th at p. 214; *Eye Dog Foundation v. State Board of Guide Dogs for the Blind* (1967) 67 Cal.2d 536, 542; *Bullis Charter School v. Los Altos School Dist.* (2011) 200 Cal.App.4th 1022, 1033–1034.)

Recent cases have addressed the application of the public injunction doctrine in the employment context, including *Clifford v. Quest Software Inc.* (2019) 38 Cal.App.5th 745 and *Torrecillas v. Fitness Internat LLC* (2020) 52 Cal.App.5th 485, 499-500. [9] Thus plaintiffs have not demonstrated that

---

[9] We observe that in *Capriole v. Uber Techs., Inc.* (9th Cir. 2021) 7 F.4th 854, 868, the plaintiffs argued their proposed injunction against

13

these issues are likely to evade review.  Accordingly, we decline to exercise our discretionary authority and render what would amount to an advisory opinion.

## DISPOSITION

The appeal is dismissed.  Costs are awarded to Lyft.

---

Uber's classification of drivers for its ride-sharing platform as independent contractors ranked as public injunctive relief.  The Ninth Circuit disagreed, explaining that "the relief sought by Plaintiffs . . . is overwhelmingly directed at Plaintiffs and other rideshare drivers, and they would be the 'primary beneficiar[ies]' of access to overtime and minimum wage laws."  (*Id.* at 870.)

WISS, J.*

WE CONCUR:


HUMES, P. J.


MARGULIES, J.


A160182N

---

* Judge of the San Francisco Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.