Filed 1/6/23 Said v. Costco Wholesale CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION TWO

| | |
|---|---|
| ALBER SAID, | |
| Plaintiff and Appellant, | E077302 |
| v. | (Super.Ct.No. RIC1824224) |
| COSTCO WHOLESALE CORPORATION, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County. Irma Poole Asberry, Judge. Affirmed.

Alber Said, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Plaintiff Alber Said fell inside defendant Costco Wholesale's warehouse store and filed a lawsuit for premises liability claiming that the fall was caused by a wet floor caused by defendant's negligence which exacerbated a preexisting condition of his elbow. After extensive discovery proceedings, a court trial was eventually held in which

1

the parties stipulated the court would consider only documentary exhibits and trial briefs submitted by each for consideration. Among the exhibits submitted was a declaration proffered by plaintiff showing plaintiff's elbow condition had existed since 2010, gave rise to surgery in 2015 to release the ulnar nerve, but despite these interventions the condition had persisted through the time of the fall. The trial court found that plaintiff had not proven by a preponderance of evidence that his elbow problems were caused or worsened by the slip and fall incident, and judgment was entered for defendant. Plaintiff appeals.

On appeal, plaintiff argues for reversal due to multifarious errors in the proceedings, lack of jurisdiction, false evidence, and failure to properly consider his evidence. We affirm.

### BACKGROUND

Because the parties stipulated that no testimony would be presented at trial and that the court could render a judgment based on documentary exhibits and trial briefs submitted by both plaintiff and defendant we refer to the written materials submitted for the factual background. Where written materials are not included in the appellate record, we refer to other portions of the record where the information is found.[1]

On November 21, 2016, at 9:55 a.m. (five minutes prior to the normal opening hour of 10:00 a.m.), plaintiff Alber Said fell in defendant Costco Wholesale's (Costco)

---

[1] Plaintiff's deposition was admitted into evidence and was used by the trial court to describe the facts of the incident. However, the deposition itself is not a part of the record because it was an exhibit that was returned to the parties after the ruling. To save time, we refer to pages where the information is quoted.

2

Moreno Valley warehouse store. An employee of Costco helped him up and asked if he wished to make an incident report. Although plaintiff alleged the floors were wet from shopping carts that had been outside in the rain, plaintiff did not see wetness on the floor, and he did not have any water on him from falling on a wet area. He filled out an incident report on November 21, 2016, in which he claimed he fell on a wet floor, injuring his elbow and fingers. He filled out a second incident report on December 5, 2016, indicating that he fell down and hurt his elbow, left hand and fingers, without mentioning the condition of the floor.

On January 10, 2017, Costco's third-party claims administrator informed plaintiff that his claim had been denied and that his request for documents and surveillance footage would not be provided voluntarily. Plaintiff's original complaint was then filed.

Following three years of anguished discovery proceedings, the matter was set for trial. The parties waived jury and agreed that in lieu of oral testimony, the trial court could render judgment based on documentary exhibits submitted by the parties pursuant to their stipulation. Plaintiff claimed that the fall caused injury to his left elbow, diagnosed as minimal narrowing of the joint spaces in his elbow, such that his ulnar nerve moved toward his elbow causing weakness in his left hand and arm.

However, the medical records he submitted in support of his injury claim show his symptoms and elbow problems predated the fall incident by several years. For example, Exhibit II-60, the medical record submitted by plaintiff regarding his elbow injury refers to the fact that in August 2016 (three months prior to the incident) he had been treated for

3

ulnar neuropathy at elbow of left upper as well as paresthesia and pain of left extremity by plaintiff's doctor. Plaintiff's medical records also indicate he had suffered from these symptoms since 2010 and that he had surgery for these problems in 2015, but his symptoms did not improve.

A January 2017 report reflects that a neurological study was performed after the incident, which showed no appreciable changes, other than the fact that the "apparent partial demyelinating conduction block seen between the below-and-above elbow sites (recording the first dorsal interosseous muscle) is no longer seen."[2] The trial court noted in its ruling that plaintiff did not submit any records or reports substantiating his claim that his condition had worsened since the fall.

A court trial was held in December 2020, and parties stipulated that the court could render judgment based on documentary exhibits they each submitted.

The trial court took the matter under submission on December 22, 2020, and on January 21, 2021, the trial court rendered judgment for defendant. The trial court found that plaintiff's medical evidence failed to prove by a preponderance of the evidence that

---

[2] This means there was improvement. "Conduction block of an intact peripheral sensory axon prevents the transmission of its impulses from its sensory receptor to its cell body in the dorsal root ganglion. Partial conduction block of a nerve is a pathophysiological process that produces motor or sensory deficits (that is, weakness or loss of sensation) . . . ." (See, *Consensus Criteria: Partial Conduction Block,* Ch. 10, Muscle Nerve 22, Supplement, pp. S225-228, American Association of Electrodiagnostic Medicine (March 1999) https://www.aanem.org/getmedia/297c498b-c7e1-48ad-85cf-777df3556006/guidelineConsensusCriteria.pdf s as of January 5, 2023.)

4

his elbow condition was caused or made worse by the incident at Costco and that plaintiff failed to prove defendant's negligence.[3]

Plaintiff appealed.

## DISCUSSION

### A.    *Introduction*

Plaintiff, who represented himself in the trial court and for whom English is not his primary language, raises a host of claims that appear to be based on his misunderstanding of both the language of the law and the nature of the proceedings, exacerbated by respondent's casual dismissal of his concerns.  He raises numerous issues in a nonconforming brief, most of which relate to his frustrations with the legal system in general and defense counsel's passive-aggressive treatment of his complaint, as well as of his attempts to obtain information through discovery.  Many of his assertions pertain to discovery matters that are moot at this point, or pertain to information, documents or surveillance video that do not exist, because the trial was conducted based on documentary evidence proffered by the parties, and most of his appellate complaints stem from his lack of familiarity with standard discovery responses.

---

[3] Subsequently, after being served with defendant's memorandum of costs, and unsuccessfully moving to dismiss the cost memorandum, which were denied, plaintiff sought a ruling from the trial court to vacate its "dismissal" and to charge the defendant with fraud. These matters are not properly before us because they occurred after both the judgment and notice of appeal were filed. Further, an order denying a motion to tax costs is separately appealable, and where a judgment or order is separately appealable, "'an aggrieved party *must* file a *timely* appeal or forever *lose* the opportunity to obtain appellate review.' [Citations.]" (*Norman I. Krug Real Estate Investments, Inc. v. Praszker* (1990) 220 Cal.App.3d 35, 46.)  Any procedural error or issue relating to post-judgment proceedings is permanently barred from consideration on appeal.

Although unartfully stated, we construe his main contention to be that the judgment was wrongly awarded in favor of defendant; that he should have prevailed, and that Costco should pay for all of his medical expenses. We discern he was grievously offended by the language of defendant's pleadings, but a lawsuit requires a basis in law and provable facts in order to prevail. Further, his attack on the judgment has been framed as a lack of jurisdiction, in addition to the various and sundry complaints about what defense counsel did during the litigation. Most of his complaints do not constitute legal errors committed by the trial court that caused an erroneous result. The trial court worked very hard to make sure plaintiff's complaints were heard.

Instead, we will address plaintiff's argument as a challenge to the sufficiency of the evidence to support the judgment. Thereafter, we will attempt to address some of his other premises to explain why things happened the way they did and why those matters do not require the reversal of the judgment.

The Court of Appeal is not a trial court; we do not generally consider new evidence (see *Philippine Exp. & Foreign Loan Guar. Corp. v. Chuidian* (1990) 218 Cal.App.3d 1058, 1090), or matters outside the record on appeal. The function of an appellate court is to review the record for legal error committed in the trial court which caused prejudice. (See, California Courts, Self-Help, Appeals Process, https://www.courts.ca.gov/12431.htm?rdeLocaleAttr=en, as of January 5, 2023.) "In reviewing a judgment based upon a statement of decision following a bench trial, we review questions of law de novo." (*Thompson v. Asimos* (2016) 6 Cal.App.5th 970, 981,

6

citing *Cuiellette v. City of Los Angeles* (2011) 194 Cal.App.4th 757, 765.) We apply a substantial evidence standard of review to the trial court's findings of fact. (*Niko v. Foreman* (2006) 144 Cal.App.4th 344, 364 (*Niko*).) Under this deferential standard of review, findings of fact are liberally construed to support the judgment and we consider the evidence in the light most favorable to the prevailing party, drawing all reasonable inferences in support of the findings. (*Citizens Business Bank v. Gevorgian* (2013) 218 Cal.App.4th 602, 613.)

It is not our role as a reviewing court to reweigh the evidence or to assess witness credibility. (*Niko, supra*, 144 Cal.App.4th at p. 365.) "A judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness." (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.) Moreover, under the doctrine of implied findings, we must infer, following a bench trial, that the trial court impliedly made every factual finding necessary to support its decision. (*Fladeboe v. American Isuzu Motors Inc*. (2007) 150 Cal.App.4th 42, 48.)

Further, we review the entire record, not just the evidence in favor of one party or the other. We now turn to the question of whether the judgment was correct.

### B.    Standard of Review

In general, when asked to review the sufficiency of evidence to support a judgment, the reviewing court starts with the presumption that the record contains evidence sufficient to support the judgment, and it is the appellant's affirmative burden to

7

demonstrate otherwise. (*Garlock Sealing Technologies, LLC v NAK Sealing Technologies Corp.* (2007) 148 Cal.App.4th 937, 951.) The appellant is required to set forth all of the material evidence bearing on the issue, and not merely the evidence favorable to appellant; failure to do so forfeits the issue. (*Ibid.*) Here, plaintiff offers argument citing "facts" not supported by the record, which favor his position and ignores the evidence admitted for the court trial which formed the basis for the trial court's ruling. The record evidence cannot be ignored just because plaintiff represented himself: self-represented litigants are held to the same standards as attorneys. (*Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543; see also *Burnete v. La Casa Dana Apartments* (2007) 148 Cal.App.4th 1262, 1270 ["self-represented litigants are generally entitled to no special treatment"].)

Here, plaintiff, who is appealing an adverse judgment was the party who had the burden of proof in the trial court. "When reviewing a trial court's express or implied failure of proof finding, we do not employ the sufficient evidence standard of review. Rather, we review the record to determine whether the evidence presented at trial compels a finding in favor of the appellant as a matter of law." (*In re D.C.* (2021) 60 Cal.App.5th 915, 921, citing *Roesch v. De Mota* (1944) 24 Cal.2d 563, 570–571; *In re M.D.* (2014) 231 Cal.App.4th 993, 1002.) Under this standard, plaintiff "must demonstrate that his affirmative evidence was uncontradicted and unimpeached and of such character and weight that there is no room for a trial court determination that it was

insufficient to support a finding in the appellant's favor. [Citations.]" (*In re D.C.*, *supra*, a p. 921.)

To determine whether plaintiff has demonstrated that his affirmative evidence was uncontradicted or unimpeached, we must review the elements of a cause of action for premises liability under a negligence theory.

### 1. Plaintiff's Claim of Premises Liability and Negligence.

"In order to establish liability on a negligence theory, a plaintiff must prove duty, breach, causation and damages. [Citations.]" (*Ortega v. Kmart Corp.* (2001) 26 Cal.4th 1200, 1205.) The elements of a cause of action for premises liability are the same as those for negligence: duty, breach, causation, and damages. (*Kesner v. Superior Court* (2016) 1 Cal.5th 1132, 1158; *Castellon v. U.S. Bancorp* (2013) 220 Cal.App.4th 994, 998.)

#### (a). Duty

Regarding the element of defendant's duty of care, "[b]usinesses have a common law duty of ordinary care to their customers that extends to every area of the store in which they are likely to shop. [Citation.]" (*Hassaine v. Club Demonstration Services, Inc.* (2022) 77 Cal.App.5th 843, 847.) "It is a basic precept of tort law that each person has a duty to exercise ordinary care and is liable for injuries resulting from a failure to act reasonably under the circumstances — Civil Code section 1714 reflects this default rule. [Citation.]" (*Id.*, at p. 851, citing *Cabral v. Ralphs Grocery Co.* (2011) 51 Cal.4th 764, 771.) "'[A]lthough a store owner is not an insurer of the safety of its patrons, the owner

9

does owe them a duty to exercise reasonable care in keeping the premises reasonably safe.' [Citation.]" (*Id.,* at p. 852; *Peralta v. The Vons Companies, Inc*. (2018) 24 Cal.App.5th 1030, 1035.)

The duty of the store owner includes a duty to keep the floors safe for patrons' use. (*Tuttle v. Crawford* (1936) 8 Cal.2d 126, 130.) Thus, "[a]n initial and essential element of recovery for premises liability . . . is proof a dangerous condition existed. [Citations.]" (*Stathoulis v. City of Montebello* (2008) 164 Cal.App.4th 559, 566.) In addition, a plaintiff suing for premises liability has the burden of proving that the owner had actual or constructive knowledge of a dangerous condition in time to correct it, or that the owner was ""'able by the exercise of ordinary care to discover the condition.'" [Citations.]" (*Ortega, supra*, 26 Cal.4th at p. 1206.) The storeowner's exercise of ordinary care includes making reasonable inspections of the premises to ascertain whether any dangerous conditions exist on the property. (*Jones v. Awad* (2019) 39 Cal.App.5th 1200, 1208, citing *Ortega, supra*, 26 Cal.4th at p. 1205.) If a dangerous condition does exist, the landowner must, "'use the care required of a reasonably prudent [person] acting under the same circumstances.'" (*Bridgman v. Safeway Stores, Inc.* (1960) 53 Cal.2d 443, 448.) "Failure to do so constitutes a breach of duty of care." (*Jones v. Awad, supra,* 39 Cal.App.5th at p.1208, citing *Brooks v. Eugene Burger Management Corp*. (1989) 215 Cal.App.3d 1611, 1619.) Defendant clearly had a duty to exercise reasonable care to prevent a dangerous condition in the premises.

10

### (*b*). Breach of duty

Next, a plaintiff must show that defendant breached that duty. A breach of the duty of care is the negligent act or omission. (6 Witkin Sum. Cal. Law Torts, § 1329.) Here, plaintiff relies on his allegation that the floor was wet, although he presented no witness statements corroborating his assertion that the floor was wet, or that it created a dangerous condition. Plaintiff had a duty to prove this element (like all the other elements) by a preponderance of the evidence. A preponderance of evidence is required to prove negligence in a civil case. (Evid. Code, §§ 115, 521.) ""Preponderance of the evidence" means evidence that has more convincing force than that opposed to it.' [Citations.]" (*Glage v. Hawes Firearms Co*. (1990) 226 Cal.App.3d 314, 324.) In other words, it is not the *quantity* of the evidence that matters, but, instead, it is the convincing force of the evidence. (*Ibid.*) But the record reflects a situation in which it was merely plaintiff's word against that of defendant, which does not prove by a preponderance of evidence that defendant breached a duty of care.

Nevertheless, even if plaintiff had demonstrated that there was a wet spot on the floor and that plaintiff fell on it, without any wetness being transferred to his clothes or his person, this alone does not establish defendant's liability. Plaintiff needed to prove additional elements: that defendant's negligence was the cause, or a substantial factor, in exacerbating the pre-existing condition of his elbow, and that it caused damage.

"In the absence of actual or constructive knowledge of the dangerous condition, the owner is not liable." (*Moore v. Wal-Mart Stores, Inc*. (2003) 111 Cal.App.4th 472,

11

476.) "Moreover, where the plaintiff relies on the failure to correct a dangerous condition to prove the owner's negligence, the plaintiff has the burden of showing that the owner had notice of the defect in sufficient time to correct it." (*Id.* at p. 476, citing *Ortega, supra*, 26 Cal.4th at p. 1206.)

It is a question of fact whether a dangerous condition existed long enough that it would have been discovered by an owner or proprietor in the exercise of reasonable care. (*Frazier v. Yor-Way Market, Inc.* (1960) 185 Cal.App.2d 390, 396.) Plaintiff fell five minutes before the regular opening time of the business and its first regularly scheduled inspection occurred one hour later, at 11:00 a.m. The report does not mention a wet floor in the area where plaintiff fell. Plaintiff offered no evidence that defendant or its agents or employees was aware of the wet floor prior to the incident. Nor did he demonstrate by a preponderance of the evidence that defendant should have discovered the condition when the fall occurred only 10 minutes after the doors opened.

Here, the evidence was disputed as to whether defendant knew or should have known of the alleged wetness on the floor, or whether defendant or its employees should have discovered it, considering the fall occurred in the minutes before the warehouse store was officially open. As the trial court correctly determined, plaintiff did not establish defendant's negligence, that is, that defendant breached its duty of care.

### (*c*). *Causation*

A plaintiff in a personal injury action must prove causation of injury to a reasonable medical probability. (*Jones v. Ortho Pharmaceutical Corp.* (1985) 163

Cal.App.3d 396, 402.) "'[A] tortfeasor may be held liable in an action for damages where the effect of his negligence is to aggravate a preexisting condition or disease.' [Citation.]" (*Sanchez v. Kern Emergency Medical Transportation Corp.* (2017) 8 Cal.App.5th 146, 168.) However, a plaintiff may recover only to the "extent that his or her condition has worsened as a result of defendant's tortious act." (*Ibid*.)

"One of the essential elements of a cause of action alleging negligence is causation, that is, that the defendant's negligence was a substantial factor in causing the plaintiff's harm." (*Sanchez v. Kern Emergency Medical Transportation Corp*., *supra*, 8 Cal.App.5th at p. 168, citing *Trujillo v. North County Transit Dist*. (1998) 63 Cal.App.4th 280, 286-287.) "Causation is established for purposes of California tort law if the defendant's conduct is a 'substantial factor' in bringing about the plaintiff's injury." (*Liberty Surplus Ins. Corp. v. Ledesma & Meyer Constr. Co.* (2018) 5 Cal.5th 216, 223, citing *State of California v. Allstate Ins. Co*. (2009) 45 Cal.4th 1008, 1036; *Rutherford v. Owens-Illinois, Inc.* (1997) 16 Cal.4th 953, 968–969.)

"'A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.' [Citation.] '[A] tortfeasor may be held liable in an action for damages where the effect of his negligence is to aggravate a preexisting condition or disease.' [Citation.]" (*Sanchez v. Kern Emergency Medical Transportation Corp.*, *supra*, 8 Cal.App.5th at p. 168.)

13

The record evidence in this case demonstrates that plaintiff's diagnosis of the neuropathy and related issues affecting his elbow were not caused by the fall, because that condition was preexisting and he has sought and undergone treatment for it for years before the fall.

Of course, "'[p]laintiff may recover to the full extent that his condition has worsened as a result of defendant's tortious act.'" (*Sanchez v. Kern Emergency Medical Transportation Corp.*, *supra*, 8 Cal.App.5th at p. 168, quoting *Ng v. Hudson* (1977) 75 Cal.App.3d 250, 255, disapproved on another ground in *Soule v. General Motors Corp.* (1994) 8 Cal.4th 548, 574, 580.) However, to demonstrate actual or legal causation, the plaintiff must show that the defendant's act or omission was a "substantial factor" in exacerbating plaintiff's injury or condition. (*Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 774; *Ng v. Hudson, supra*, 75 Cal.App.3d at p. 255.) A plaintiff meets the causation element by showing that defendant's negligence was "a 'substantial factor' in bringing about the harm and that there is no rule of law relieving the actor from liability." (*Nola M. v. University of Southern California* (1993) 16 Cal.App.4th 421, 427, citing Rest.2d Torts, § 431; *Mitchell v. Gonzales* (1991) 54 Cal.3d 1041, 1052.) These are factual questions for the trier of fact to decide, except in cases in which the facts as to causation are undisputed. (*Constance B. v. State of California* (1986) 178 Cal.App.3d 200, 207.)

Plaintiff's own evidence--that is, the evidence of his medical records and the declaration of Dr. Kuschner, which he submitted to the court for consideration as part of

the documentary exhibits on which the trial court would base its decision—showed that his elbow pain was chronic, due to preexisting condition. Plaintiff did not present any evidence that the elbow condition was made worse by any alleged negligence of the defendant, although he sought treatment based on his complaints about the elbow. But the scans performed after the incident showed that a conduction block on the ulnar nerve, that had been visible on scans performed prior to the incident, was no longer present, and described the condition of his elbow as not having changed appreciably.

Therefore, there was disputed evidence as to causation and plaintiff failed to meet his burden of proof by a preponderance of evidence.

Because plaintiff failed to prove defendant was negligent or that any negligence caused his elbow condition to become worse, the trial court properly awarded judgment in favor of defendant.

### C.    Plaintiff's Complaints about Lack of Jurisdiction, Procedural Errors, Discovery Proceedings and Miscellaneous Issues.

(1)  Plaintiff asserts the trial court's order lacks jurisdiction, is prejudicial error, and there were errors in the proceedings. "Lack of jurisdiction in its most fundamental or strict sense means an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties." (*Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 288.) However, superior courts have original jurisdiction in all causes except those given by statute to other trial courts. (Cal. Const., art. VI, § 10; *Marlow v. Campbell* (1992) 7 Cal.App.4th 921, 925.) Plaintiff filed his

15

action in the superior court and by doing so, he submitted to the court's jurisdiction. Thus, the court had jurisdiction in the fundamental sense.

To the extent plaintiff is attempting to argue that the court did not have authority to perform some specific act, his claim is forfeited because he has failed to identify the particular act or order that went beyond the court's authority, and support that claim with appropriate authority.

Plaintiff has not explained the basis for his claim that the trial court lacked jurisdiction. In the absence of any legal basis, we reject this argument.

(2) Plaintiff complains that the trial court's December 14, 2021 order contained a mistake insofar as the defendant served a notice of judgment and notice of judgment or order on plaintiff on 04/26/21 not on 02/11/2021. He goes on to state that " . . . under circumstances Court's order on 04/23/2021 was errors in the trial court proceedings and a clearly erroneous assessment of the facts exhibit 'A' I attached it because the Court did not serve it yet. This error that affected the outcome of the case, because the Court/or defendant should serve these Notices before the Hearing date."

This assertion does not rise to the level of reversible error. For one thing, plaintiff had previously been duly served with the trial court's ruling setting forth its decision on the merits, so he was fully aware of the substance of the trial court's decision. That ruling, which, as mentioned was duly served on plaintiff, directed defendant to prepare and submit to this court a proposed judgment with proof of service by mail on plaintiff within 30 days of the date of the ruling and set a hearing for receipt of judgment for

16

March 22, 2021. Defendant did so on February 9, 2021, with proof of service by mail on plaintiff. On March 8, 2021, plaintiff filed a "Notice of Nonreceipt" of the judgment. On March 22, 2021, the court held the receipt of judgment hearing at which plaintiff did not appear. Because there was no objection to the judgment, the court signed the judgment in open court and directed defendant to serve the judgment on plaintiff.

On April 22, 2021, defendant served plaintiff with the notice of judgment which was now signed by the court. Plaintiff now complains that on December 14, 2021, the court made an order indicating there was a mistake, and then refers to the fact he was served with the judgment on April 22, 2021 and not on February 11, 2021, that there are "errors in the trial court proceedings and a clearly erroneous assessment of the facts exhibit 'A' I attached it because the Court did not serve it yet."

But the exhibit referred to is an improperly appended copy of a minute order pertaining to plaintiff's motion to "dismiss" the memorandum of costs, not an objection to anything contained in the judgment itself. It has nothing to do with correctness of the facts set out in the trial court's ruling after the court trial. The attached minute order pertains to a post judgment proceeding relating to plaintiff's objection to the memorandum of costs, which is separately appealable (although the time for appeal has long since passed) and it is not properly before us. We do not reach this issue other than to point out that plaintiff has not pointed to any actual misstatement of facts in the judgment. Our review of both the extensive record and the trial court's ruling leads us to conclude the court's rendition of facts is fair and accurate. Although the rendition of

17

facts by the court includes facts that did not support a right of plaintiff to recover, that does not make it reversible. A trial is a search for the truth. (*People v. Bell* (2004) 118 Cal.App.4th 249, 256, citing *People v. Zack* (1986) 184 Cal. App. 3d 409, 415.)

(3) Plaintiff argues that the trial court erroneously denied his in limine motions to exclude evidence that had not been provided in discovery. However, the only item he obliquely refers to is the actual written report of the defense medical expert. As to that report, plaintiff had requested reports of all experts in discovery, but defendants had only served him with the experts curriculum vitae. Thus, on December 8, 2021, the trial court ordered the parties to meet and confer by the next day to exchange documents. As to any other discovery, plaintiff failed to specify the evidence that should be excluded due to any alleged discovery violation, which is why the trial court denied it.

There was no prejudice to plaintiff because the trial court did not even consider the expert's report, which had been turned over to the plaintiff well before the date the matter was taken under submission, giving him adequate time to become familiar with it.

(4) Next, plaintiff refers to a photograph showing no mat at the front entrance, which the trial court had excluded because the photograph was taken several months after the incident. Rather than argue that the exclusion of the evidence was incorrect, plaintiff attempts to present new evidence that is not in the record on appeal, to wit, that the store never had a mat.

The trial court's ruling was correct. All relevant evidence is admissible (Evid. Code, § 351), and relevant evidence is "evidence, including evidence relevant to the

18

credibility of a witness or hearsay declarant, having any tendency in reason to prove or disprove any disputed fact that is of consequence to the determination of the action." (Evid. Code, § 210.) A photograph taken several months after an incident has no relevance to the condition of the premises on the date of the occurrence without additional evidence.

To the extent the issue purports to be an argument that the trial court abused its discretion in excluding the relevance, plaintiff has provided no authority to support the theory that a photograph taken months after an event is relevant to prove the condition of premises on the date of a fall.

For this same reason, we do not consider plaintiff's statements (which do not refer to evidence in the record) that the store was never cleaned.

(5) Next plaintiff complains that defendant's trial brief refers to plaintiff's various health problems by indicating plaintiff lost nearly fifty pounds from 2014-2018 but continues to suffer from diabetes and secondary conditions from diabetes. However, this information was included in Dr. Kuschner's declaration which plaintiff himself submitted to the trial court for consideration. Plaintiff claims the information in the declaration is "false and a fraud", plaintiff should not have proffered the evidence. There was no error, insofar as plaintiff points to no evidence in the record on appeal that contradicts the statements.

(6) Plaintiff raises various complaints about defendant's responses to discovery requests in his quest to obtain video surveillance images (although technically

19

plaintiff requested the "camera" and demanded an explanation for why the store manager did not file plaintiff's first incident report. Defendant responded that it could not produce photographs because there were none, and that it could not produce a "copy of the store's camera" because "no such documents exist." Later it came out that the store had cameras in the store, but not in the area where the fall occurred.

Plaintiff also disagrees with the trial court's finding that plaintiff did not corroborate the statement of medical expenses. However, the record supports the court's finding where there are no medical reports or other evidence by a qualified medical expert who could testify that the expenses related to a worsening of his elbow condition. In other words, merely seeking treatment for an ongoing chronic condition does not provide a proper foundation for the admission of evidence of medical expenses.

We appreciate that plaintiff has been very frustrated by the arcane legal proceedings, but he has not pointed to any evidence in the record showing that a video of the incident exists, and that his case was prejudiced by the lack of the video evidence. It was unnecessary because no one disputed his assertion that he fell. And without proper evidence plaintiff's chronic elbow condition was aggravated by the fall, his medical expenses were not relevant. But his own medical records showed the condition of his elbow was not appreciably different from the condition before the fall.

(7) Plaintiff makes other contentions about various items of evidence but none of the exhibits have a tendency in reason to prove that defendant breached its duty of care or that the fall caused an exacerbation of plaintiff's chronic elbow problem.

20

Because plaintiff provides no authority to support his claims of error in admitting or excluding the exhibits, we deem any claim of error forfeited. As for whether the trial court lacked jurisdiction, plaintiff does not provide any argument as to lack of subject matter jurisdiction and does not provide us with any authority or legal argument to support this claim of error. We treat the issue as forfeited. "'Appellate briefs must provide argument and legal authority for the positions taken.'" (*In re A.C.* (2017) 13 Cal.App.5th 661, 672-673, citing *Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862.) "When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived." (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785.)

(8) Plaintiff complains about the court's ruling as it pertained to his failure of proof that the fall caused the narrowing of the ulnar nerve channel. Plaintiff argues the court's conclusion was wrong, pointing to the fact that Dr. Kuschner's declaration was offered in his medical malpractice case against a Dr. Dhalla. He has misunderstood the import of Dr. Kuschner's declaration and how it deleteriously affected the outcome of this case: Dr. Kuschner's declaration, based on a review of all plaintiff's medical records, established the injury for which he seeks compensation from Costco did not result from the fall. Instead, the condition was a chronic and preexisting condition. Based on this evidence, which plaintiff himself submitted to the court, his ability to recover against Costco required him to prove that the preexisting condition was made worse. Unfortunately, the more recent scans demonstrated no appreciable difference in

21

the condition of the elbow.  This fact—based on plaintiff's own evidence—was fatal to the outcome of the trial.

In summary, although plaintiff was frustrated by the legal process, the unfavorable judgment was due to no error committed by the trial court or the defense attorney.  The facts of his accident and the facts concerning his chronic ulnar neuropathy precluded a favorable judgment.

## DISPOSITION

The judgment is affirmed.  Because respondent did not appear, no appellate costs are awarded.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ_____
                                                                P. J.


We concur:

SLOUGH_____
                              J.

RAPHAEL_____
                              J.